SAMUEL JORDAN *vs.* GEORGE TRUMBO.—*June*, 1834.

Upon a bill filed by a security to obtain an injunction and relief from a judgment against him on a bond, alleging the bond to have been founded as an usurious consideration, the principal obligor is not a competent witness for the complainant.

It is a principle well established in equity, that he who goes into equity to be relieved against his usurious contract, must in his bill tender or offer to pay the principal and interest legally due, and confine his claim to the equitable interposition of the court to the usurious excess only.

A mere forbearance to sue a principal debtor does not discharge a security.

APPEAL from the court of Chancery.

This bill was filed by the appellant on the 7th of October, 1830.

At July term, 1832, *Bland*, Chancellor, passed his final decree, dismissing the bill with costs, from which the complainant appealed to the court of Appeals.

The case which was argued before BUCHANAN, Ch. J., STEPHEN, ARCHER, and DORSEY, J's, is sufficiently stated in the opinion of this court.

*John Scott*, for the appellant, contended.

1. That the injunction should have been perpetuated for the whole amount of the judgment, and the judgment having been satisfied, the Chancellor should have passed a decree requiring the defendant to refund to him the amount so paid.

2. If however, the complainant is not entitled to be refunded the whole amount, he is at least entitled to an account of all moneys paid by *Ogg* to *Neff* in his life-time, over and above legal interest and *his costs.*

*T. P. Scott*, for the appellee.

1. The answer of *Trumbo*, though an executor, is evidence, as he alleges, that he had a personal knowledge of the transaction, and the bill interrogates him as to his knowledge.

*Ogg* is not a competent witness. The effect of his evidence is to discharge *Jordan*, who if made to pay the money would have a remedy against the witness, who consequently has a direct interest in defeating the claim. 3 *Gill and Johns.* 35.

2. If however, the charge of usury is established by the evidence, still the decree must be affirmed, as the complainant can only be relieved upon bringing into court the amount of the principal and legal interest, which he has not done. 6 *Harr. and Johns.* 100. 3 *Ib.* 184. 1 *Johns. Ch. R.* 367, 439.

STEPHEN, J., delivered the opinion of the court.

The merits of this case lie within a very narrow compass. A judgment has been obtained at law against the appellant in this court, and complainant in the court below, upon a bill obligatory, in which he joined a certain *George Ogg* as his surety, for the payment to a certain *Henry Neff*, of the sum of two hundred dollars, at twelve months from the date thereof.

The suit at law was originally instituted by *Neff*, and on his death was prosecuted to judgment by *George Trumbo*, the appellee, as his executor.

The complainant in his bill charges the consideration of the bill obligatory to be an usurious loan of money; but that being unable to establish the fact at law, for the want of legal and competent testimony, judgment was obtained against him. The bill prays for a discovery of the usury, and that the defendant may be compelled to account for all moneys paid by *Ogg*, the principal in the bill, to *Neff* the creditor, whether legally or usuriously; that the judgment may be enjoined; that he may be released from the execution issued against him, and for general relief. It is proper to remark, that in addition to the charge of usury the complainant alleges, that he is discharged from his said obligation, by reason of the forbearance of *Neff* to prosecute his claim against *Ogg*, the principal, without his privity or consent.

The answer of the respondent denies the usury, and it is not satisfactorily established by any legal or competent evidence, taken under the commission issued in the cause. The testimony of *George Ogg*, the principal debtor, in the writing obligatory, being clearly incompetent to establish the fact, as the effect of his evidence would in such an event operate to release him from the payment to his surety, not only of the usurious excess of interest paid by him, but also all the costs of the suit. Not only therefore, was the bill properly dismissed, upon the ground of a defect of proof as to the usury, but the complainant was clearly not entitled to relief upon another ground; because it is a principle well established in pleading in equity, that he who goes into a court of equity to be relieved against his usurious contract, must in his bill tender, or offer to pay the principal and interest legally due, and confine his claim to the equitable interposition of the court to the usurious excess only. In 1 *Johns. Ch. R.* 368, Chancellor *Kent* says, "it is a settled principle, that he who asks equity must do

equity, and if the borrower comes into this court for relief against his usurious contract, he must do what is right as between the parties, by bringing into court the money actually advanced, with the legal interest, and then the court will lend him its aid as against the usurious excess. To compel a discovery without such offer, would be against the fundamental doctrines of this court, which will not force a discovery, that is to lead to a forfeiture."

The same principle is stated in 3 *Harr. and Johns.* 185. When the bill in this case was filed, the money was not paid, and the bill did not comply with the above well settled principle of equity, by making the requisite tender of principal and legal interest. So in 5 *Johns. Ch. R.* 143, Chancellor *Kent* again remarks, " the equity cases speak one uniform language, and I do not know of a case in which relief has ever been afforded to a plaintiff seeking relief against usury upon any other terms. It is the fundamental doctrine of the court." *Ld. Hardwick,* in 1 *Ves.* 320, said, that in case of usury, equity suffers the party to the illicit contract to have relief, but whoever brings a bill in case of usury, must submit to pay principal and interest due. *Ld. Eldon,* (3 *Ves. and B.* 14,) after an interval of more than sixty years, declared precisely the same rule. At law, says he, "you must make out the charge of usury, and at equity you cannot come for relief without offering to pay what is really due, and you must either prove the usury by legal evidence, or have the confession of the party."

Neither did the complainant in this case, upon the payment of the judgment, ask leave to amend his bill, (as he might have done,) and pray to be relieved only as to the amount paid, beyond what was legally due and recoverable.

As to the indulgence or forbearance to sue, charged in the bill as a ground of relief, the principle of law is too clear to admit of doubt or controversy.

The law is indisputable that such forbearance alone to sue the principal will not discharge the surety. In sup-

port of this position, if an authority be deemed necessary for so plain a principle, reference may be had to 6 *Harr. and Johns.* 247, where the law is stated to be, "that the holder of a bill may forbear to sue the acceptor as long as he pleases, and will not thereby discharge the other parties from their liability, provided he does not agree to give time to the acceptor without their concurrence."

For these reasons we think that the decree of the Chancellor ought to be affirmed.

**DECREE AFFIRMED WITH COSTS.**