JOHN T. HILL *vs.* CHARLES T. REIFSNIDER.

*Orders from which an Appeal will not lie—Equity Pleading; proper parties Defendants—Bill for Relief against Usury.*

From an order of the Circuit Court refusing further time to take testimony, on a motion to dissolve an injunction, no appeal will lie.

No appeal will lie from an order granting leave to a complainant upon application, to amend his bill in certain particulars, by a day named, and on failure to make such application, and to file the amended bill on or before the day mentioned, declaring that the injunction previously issued, would be dissolved, and in the mean time continuing the injunction till the further order of the Court; such order is merely interlocutory.

Where a bill filed to restrain the execution of a judgment at law against the complainant, rendered in favor of the defendant, charges distinctly that other persons participated in the alleged fraud, they are necessary and proper parties defendants.

Where a party goes into a Court of Equity seeking relief against usury, he must set forth in his bill the sum actually due, with legal interest, and offer to pay the same, and must confine his claim to the interposition of the Court to the usurious excess.

APPEAL from the Circuit Court for Carroll County, in Equity.

A sufficient statement of the case will be found in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, GRASON and MILLER, J.

*William P. Maulsby,* for the appellant.

*William M. Merrick,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The bill in this case was filed by the appellant to restrain the execution of a judgment at law against him, rendered in favor of the appellee, upon the ground that the same was obtained by fraud. The case was heard below, on a motion to dissolve the injunction, upon bill, answer and proofs, and the Circuit Court being of opinion that Theodore L. Fritchey and William B. Thomas, partners under the name of T. L. Fritchey & Co., were necessary and proper parties defendants; and being further of opinion that the bill was otherwise defective in failing to set out the real amount of the debt due by the complainant to Fritchey & Co., with legal interest thereon, and in not tendering or offering to pay the same; passed an order granting leave to the appellant, upon application, to amend the bill in these particulars, by a day therein named, and on failure to make such application and to file the amended bill on or before the day mentioned, declaring that the injunction would be dissolved, and in the meantime, continuing the injunction till the further order of the Court; and it was further ordered that the application of the appellant for leave to take further proof, be refused.

From this order the present appeal was taken, and the first question arises upon the motion made by the appellee to dismiss the appeal.

It is very clear that no appeal lies from that part of the order, refusing to grant leave to the appellant to take proof; such an application being addressed to the discretion of the Court, its action thereon is not a subject for review on appeal. *Owings vs. Worthington,* 10 *G. & J.,* 283; *Randall vs. Glenn,* 2 *Gill,* 430; *Calvert vs. Carter,* 18 *Md.,* 74; *Cumberland C. & I. Co. vs. McKaig & Gordon,* 27 *Md.,* 258, 267. In the case last cited, the application to the Circuit Court was for further time to afford the appellants an opportunity to adduce evidence which

was refused, and this Court held that the question was one depending upon the discretion of the Circuit Court, and from its decision thereon no appeal would lie. As it respects the other part of the order, it seems to us equally clear that the appeal cannot be entertained; for the reason that it is merely interlocutory, not in its nature a decretal order; as it does not finally settle any right in dispute between the parties.

From such an order it has been repeatedly decided no appeal lies. We refer to *Snowden vs. Dorsey*, 6 *H. & J.*, 114; *Hagthorp vs. Hook's Admr.*, 1 *G. & J.*, 270, and *Phillips vs. Pearson*, 27 *Md.*, 242; in each of which this Court decided against the right of appeal from interlocutory orders similar in their nature to the one in the present case. That the order before us is not final is manifest from its terms; it directs that the complainant have leave, on application, to amend his bill as indicated, and states that if not so amended on or before a future day therein named, the injunction would then be dissolved; but the injunction was in the meantime, continued till the further order of the Court. This was not a final action by the Court upon the subject-matter, but a mere declaration of a purpose or intention to be carried into effect in the future; which it might or might not subsequently change; and until carried into effect worked no injury to the appellant. As it was said by Judge DORSEY in *Hagthorp vs. Hook*, "''tis true the Chancellor in considering this case, has discussed all the matters both of law and fact, which he deemed in any way involved in the decree, eventually to be pronounced, and has distinctly declared what he *intends* to decree. But his intentions form no ground for an appeal, he may abandon or change them *ad libitum;* until carried into effect, no injury can result from them. It is only from what he has *done*, and not from what he *intends to do*, that an appeal will lie.''

Being of opinion for the reason stated that the appeal in this case was taken prematurely, the motion to dismiss must be sustained.

But, as the case has been fully argued, we shall, following the precedent in *Phillips vs. Pearson*, 27 *Md.*, and to avoid the occasion for a second appeal to this Court, briefly express our opinion upon the questions presented by the record.

We agree with the Judge of the Circuit Court as to the necessity for making Fritchey & Co. parties to the suit. The bill distinctly charges that they participated in the alleged fraud in obtaining the judgment, and therefore they are necessary and proper parties defendants. *Calvert on Parties*, 19, 24, 80, 264; *Lovejoy vs. Irelan*, 17 *Md.*, 525. Besides, the proceedings show that they are the real parties in interest, holding the judgment which is sought to be enjoined. The bill alleges in substance that the sum for which the note and judgment were given, was a pretended debt claimed to be due from the appellant to Fritchey & Co., and the proceedings show that the judgment, though entered in favor of Reifsnider, the appellee, was, by an arrangement made between him and Fritchey & Co., really intended for their use and benefit; they having agreed to refund to him the money which he loaned to them on the security of the judgment, in case it was not paid by the appellant, and to take an assignment of the judgment; which arrangement, it appears, has been actually carried out, and the judgment entered for their use. It stands, therefore, in all respects as if it had been originally entered in their names. They are, therefore, necessary parties, because of their interest in the subject-matter of the suit.

The bill claims relief against the judgment on the ground that the amount for which it was given was largely in excess of the real sum actually due from the appellant to Fritchey & Co., with legal interest thereon;

and charges that it was made up in great part "by compounding repeatedly usurious interest at the rate of thirty-six *per centum per annum*, and also by omitting to credit him with large sums of money which Fritchey & Co. had received by collections of collaterals left with them by him, and with moneys which they had actually received and also with moneys paid them by him." The bill does not distinctly aver that no part of the money for which the judgment was given is lawfully due: it states that if indebted "in any amount whatever, that amount could not have been, and was not, larger or greater than from one to two thousand dollars," and charges that upon a true statement of accounts, "the balance against him must have been and was certainly less than two thousand dollars."

It is well settled in this State that if a party goes into a Court of Equity for relief on account of usury, it is necessary for him "in his bill to tender or offer to pay the principal and interest legally due, and confine his claim for the equitable interposition of the Court to the usurious excess only." *Jordan vs. Trumbo,* 6 *G. & J.,* 105; *Baugher vs. Nelson,* 9 *Gill,* 308. It is unnecessary to cite other authorities in support of this position. From this it follows that the bill is defective in failing to set forth the sum actually due with legal interest, and offering to pay the same, and the Court below was right in suggesting the necessity for its amendment in this particular. If the appellant is unable to state the actual amount due by him, he is of course entitled to demand full discovery by Fritchey & Co. when they shall be made defendants, of the dealings and transactions out of which his alleged indebtedness has arisen, and a full statement of accounts between them.

In our opinion the order of the Circuit Court was properly passed. But inasmuch as the appellant has mistaken his remedy, in taking this appeal prematurely, it

will be proper that he still be permitted to amend his bill, and that a reasonable time for that purpose should be allowed.

*Appeal dismissed.*

(Decided 6th February, 1874.)