Neurath and Long *vs.* Hecht.

(Decided 23rd May, 1884.)

ERNEST NEURATH and SYDNEY C. LONG *vs.* MOSES HECHT.

*Insufficient ground for Injunction.*

An action was brought on certain notes on the 8th of September, 1881, and N., the defendant, was duly served with process, and he appeared to the action, but interposed no defence; and on the 10th of October, 1881, judgment was entered for want of plea. This judgment was extended for $967.10, with interest and costs. A payment was made on the judgment, and at the time of such payment, it was agreed between the parties to the judgment that the lien of the judgment should be waived and deferred to a subsequent mortgage made by N. of his property, which was accordingly done, and it was then and there agreed that the balance of the judgment should be soon thereafter paid. The payment was not made as promised, and the plaintiff in the judgment sued out execution on the 4th of October, 1882. On the 2nd of January, 1883,.

nearly fifteen months after the judgment rendered, N. filed a bill for an injunction to restrain the collection of the balance due on the judgment, upon the ground that there was usury in the debt upon which the judgment was recovered. The answer swore away all the equities of the bill, and the averments of the answer were not overcome by proof. The bill did not allege with any exactness, the amount of the usury over and above the principal sum advanced, with legal interest thereon, or the real amount due, principal and interest, after deducting the usury retained. There was no pretence that the complainant was not fully aware of all the facts of the case from the commencement. There was no offer to bring into Court the amount of principal and interest that might be actually due on the judgment after deducting the alleged usury. HELD:

That the case was not such as to entitle the complainant to an injunction to restrain the execution of the judgment.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

*Edward Israel,* for the appellants.

*J. J. Wade,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The bill in this case was filed by a defendant in a judgment against the plaintiff therein, to obtain an injunction to restrain the execution of the judgment, upon the ground that there was usury in the debt upon which the judgment was recovered. The judgment was founded upon three promissory notes indorsed to the plaintiff in the judgment. These notes were made by Long, one of the complainants, payable to Neurath, the other complainant, and by the latter indorsed to Hecht. Long is one of the complainants in the present bill, though he has never been sued on the notes,—the judgment being against Neurath alone. And this being the case in regard to Long, it is very questionable whether he has any stand-

ing in a Court of equity, as he would have full and adequate remedy at law, by way of defence to an action on the notes. But without stopping to discuss that question, this Court is clearly of opinion that there is no such case made, either by pleading or proof, as will justify the Court in granting the relief prayed.

The action on the notes was brought on September 8th, 1881, and Neurath, the defendant, was duly served with process, and he appeared to the action, but interposed no defence; and on October 10th, 1881, judgment was entered for want of plea. This judgment was extended for $967.10, with interest and cost. There has been payment of $250 on the judgment; and it is averred in the answer and shown in proof, that when this sum of $250 was paid, it was agreed between the parties to the judgment that the lien of the judgment should be waived and deferred to a subsequent mortgage made by Neurath of his property, which was accordingly done, and it was then and there agreed that the balance of the judgment should be soon thereafter paid. The payment, however, not being made as promised, the plaintiff in the judgment sued out execution, October 4th, 1882, and this bill was filed January 2d, 1883, nearly fifteen months after the judgment rendered.

The bill prays for an injunction to restrain the collection of the entire balance due on the judgment, and asks for full discovery under oath. The answer came in under oath, and it denies all the material facts charged in the bill, and swears away all the equities relied on by the complainants. A motion was made to dissolve the injunction; and after proof taken, the Court upon hearing the motion, dissolved the injunction, and it is from the order of dissolution that this appeal is taken.

There are several grounds upon which the Court below was well justified in dissolving the injunction. In the first place, the answer swears away all the equities of the

bill, and the averments of the answer have not been overcome by any clear preponderance of proof. But the bill itself does not, by its allegations, present a case to entitle the complainants to an injunction to restrain the execution of the judgment. It does not allege, with any exactness, the amount of the usury, over and above the principal sum advanced, with legal interest thereon, or the real amount due, principal and interest, after deducting the usury retained. Even at law, every plea of usury is required to state the sum of money or the value of the goods and chattels lent or advanced, with the time at which the same was so lent or advanced (*Code, Art.* 95, *sec.* 5,); and there is no reason why less strictness and certainty, in this respect, should be allowed in equity pleading than at law, especially after a recovery at law; for otherwise the requirement of the statute might be easily evaded. There is no pretence that the complainants were not fully aware of all the facts of the case from the commencement, as well at the time of the bringing of the action at law upon the notes, as at the time of filing the bill in this case. They do not, therefore, place their claim to relief upon the ground of any newly discovered matter or fact that could in any way affect their case. There is no tender or offer to bring into Court the amount of principal and interest that may be actually due on the judgment, after deducting the alleged usury; and without this there is no ground for relief in a case like the present. In the case of *Rogers vs. Rathbun,* 1 *John. Ch.,* 367, Chancellor KENT lays down the principle, deduced from the authorities, applicable to this and all similar cases. That was a case to restrain proceedings at law. He said: "It is a settled principle, that he who seeks equity, must do equity; and if the borrower comes into this Court for relief against his usurious contract, he must do what is right, as between the parties, by bringing into Court the money actually advanced, with the legal interest, and

then the Court will lend him its aid as against the usurious excess.   To compel a discovery, without such offer, would be against the fundamental doctrine of this Court, which will not force a discovery that is to lead to a forfeiture." The same principle is fully recognized by this Court in the case of *Trumbo vs. Blizzard & Jacobs,* 6 *G. & J.,* 18, 24; and in the more recent cases of *Powell vs. Hopkins,* 38 *Md.,* 1, 13; *Walker vs. Cockey,* 38 *Md.,* 75, 78; *Hill vs. Reifsnider,* 39 *Md.,* 429, 433.

We must affirm the order of the Court below, and dismiss the bill with costs.

*Order affirmed, and bill dismissed.*

(Decided 28th May, 1884.)