# HENRY MAURICE TALBOTT

*vs.*

# LAUREL BUILDING ASSOCIATION ET AL.

*Mortgage Sale—Injunction—Payment of Amount Due.*

A mortgagor who admits that there is a balance due on the mortgage must pay such balance to the mortgagee, or into court, before he is entitled to an injunction to restrain a sale under the power contained in the mortgage, on the ground that the mortgagee has refused to give the proper credit.

*Decided March 3rd, 1922.*

Appeal from the Circuit Court for Montgomery County (PETER, J.).

Bill by Henry Maurice Talbott against The Laurel Building Association of Prince George's County, and others, to restrain a sale under a mortgage and the publication of notice of the sale. From a decree for defendants, plaintiff appeals. Affirmed.

The cause was submitted on briefs to BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*William H. Talbott,* for the appellant.

*William Stanley,* for the appellees.

THOMAS, J., delivered the opinion of the Court.

On the 19th of October, 1910, Henry M. Talbott and others executed a mortgage of certain parcels of land in Montgomery County, Maryland, to the Laurel Building Association of Prince George's County, to secure the payment,

in the manner therein provided, of the sum of $2,500, advanced to him on certain shares of stock of said association, and the interest thereon, etc. The mortgage provided that in case Henry M. Talbott should fail, "for the space of six months," to make the payments therein required, or to perform the covenants, etc., therein, the whole mortgage debt should become due and demandable, and that the mortgagee, or its assigns, were authorized to sell the property thereby conveyed.

William Stanley, Esq., to whom the mortgage was assigned for foreclosure, instituted foreclosure proceedings in the Circuit Court for Montgomery County, and advertised the property for public sale on August 19th, 1921, and thereupon Henry M. Talbott filed his bill of complaint in said court against the mortgagee, its assignee, and the publisher of the notice of the sale, to enjoin the sale and the further publication of the notice thereof until the further order of the court.

The bill, after alleging the execution of the mortgage, the assignment thereof for the purpose of foreclosure, the institution of the foreclosure proceedings, and the advertisement of the proposed sale of the property, then contained the following averments:

> "5th. That the complainant has made large and frequent payments on account of the principal and interest secured by said mortgage, which said payments the defendant, the said Laurel Building Association, refused to give credit for, although it has duly received the same. That the complainant has paid to the said defendant the sum of seventeen hundred and twenty-five dollars and ninety-nine cents ($1,725.99) on account of the principal and interest of said mortgage debt, thereby leaving due and owing thereon the approximate sum of eleven hundred dollars, which complainant has tendered to said defendant, and is ready, able and willing to pay pro—."

The court below passed an order requiring the defendants to show cause on or before the 1st day of August why the injunction should not be granted, and on the 30th of July the mortgagee filed its answer denying that it had refused to give the plaintiff credit for the payments made by him, and also denying that the plaintiff had ever tendered to it, or its agent or attorney, any sum of money other than the amount "shown credited on the statement" filed with its answer, and alleging that it had furnished the plaintiff "with numerous statements from time to time, showing the exact amount of interest and principal due under the" mortgage; that the plaintiff had made payments on account of the mortgage debt with full knowledge of how the payments so made were credited, and had repeatedly promised and failed to pay the amounts due.

The account filed with the answer purports to give an itemized statement of the amounts due under the mortgage and the payments made by the plaintiff, from the date of the mortgage to July 19th, 1921, and shows a balance still due the mortgagee greatly in excess of the amount admitted to be due by the plaintiff in his bill.

On the bill and answer, the court below, on the 2nd of August, 1921, ordered an injunction to issue as prayed, upon the filing by the plaintiff of a bond in the penalty of $1,500, but on the 6th of August the defendants moved the court "to consider the propriety of the issuance of said injunction," and after a hearing of the motion, the court below, on the 13th of August, 1921, passed the order from which this appeal was taken by the plaintiff, requiring the plaintiff to pay into court, on or before the 15th of September, 1921, to be paid to the defendant, the sum of $1,100, admitted to be due in his bill, "under pain of having the bill dismissed," and referring the case to the auditor with directions to state an account "showing the sum or sums due and owing on account of the principal and interest of the mortgage debt," etc.

The ground upon which the appeal was taken is, as stated in the appellant's brief, that as the plaintiff in his bill "fully complied with section 16" of article 66 of the Code, the injunction should have been granted without requiring the plaintiff to pay into court the $1,100 admitted to be due.

In the case of *Powell* v. *Hopkins,* 38 Md. 1, where the bill was filed to enjoin a sale under a mortgage, the Court held that the provision of the Code relied on in this case was "only declaratory of a general principle of equity," and in disposing of the allegations of the bill that the amount paid on the mortgage had been applied to the payment of a bonus and illegal interest, said: "The other points relied on by the appellants in support of the injunction are, the payment of usurious interest, and the application of part of the money paid by the mortgagor, which should have been applied to the extinguishment of the principal, '*pro tanto,*' to the payment of taxes and bonus. The exaction of usurious, or illegal interest (if proved by the evidence), does not invalidate the mortgage, or affect the power to sell. The complainant must pay, or bring into court to be paid, the principal and legal interest, before he can claim the intervention of a court of equity, by injunction." In the case of *Thrift* v. *Bannon,* 111 Md. 308, where the petition sought to restrain the foreclosure of a mortgage, this Court said: "The averment in the petition that the interest on the mortgage had been paid was not sufficient, as both principal and interest if due must be paid, or duly tendered before an injunction for such purpose can be lawfully authorized. As was said in the case of *Powell* v. *Hopkins,* 38 Md. 1: 'The complainant must pay, or bring into court to be paid, the principal and legal interest, before he can claim the intervention of a court of equity.' " Again, in the case of *Buckner* v. *Cronhardt,* 132 Md., this Court, speaking through JUDGE BRISCOE, said, on page 616: "The petition not only fails to allege that the mortgages are not in default or that the entire amount of the mortgage debt and interest had been paid, but admits that

the mortgage debt and interest amounts in excess of $40,000, but claims a credit in excess of $22,000. It is well settled upon all the authorities that the mortgagor must pay the amount admitted to be due into court before the court will grant an injunction to restrain the sale upon a default in the mortgage."

The decisions referred to rest upon the well settled principle "that he who seeks equity must do equity." The section of the Code relied on by the appellant does not authorize relief in violation of this familiar doctrine, and where the mortgagor admits in his bill that there is a balance due on the mortgage, that balance must be paid to the mortgagee, or into court, before he is entitled to a writ enjoining a sale under the power contained in the mortgage on the ground that the mortgagee has refused to give him proper credit. The rule applicable in such cases is clearly stated by CHIEF JUDGE ALVEY in *Neurath* v. *Hecht,* 62 Md. 221, where he says: "It is a settled principle, that he who seeks equity must do equity; and if the borrower comes into this Court for relief against his usurious contract, he must do what is right, as between the parties, by bringing into court the money actually advanced, with the legal interest, and then the court will lend him its aid against the usurious excess."

As the appellant was not entitled to relief except upon the terms provided by the order appealed from, the order will be affirmed.

*Order affirmed, with costs to the appellees,*
*and cause remanded.*