ALLEN L. WOOD *vs.* ELBERT O. SMITH.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., CURTIS, BURPEE, KEELER and WEBB, JS.

Findings of the trial court made upon conflicting evidence will not be disturbed by this court upon appeal.
An attempt to retry the case in this court upon its facts, under the guise of correcting the finding as made by the trial court upon every essential issue, must necessarily fail.

Argued October 26th—decided November 27th, 1922.

ACTION to recover a balance alleged to be due upon a building contract, brought to and tried by the Superior Court in Fairfield County, *Wolfe J.;* facts found and judgment rendered for the plaintiff for $5,164.17, and appeal by the defendant. *Error; judgment reduced to $5,092.34.*

*Edward J. Quinlan,* for the appellant (defendant).

*Frank L. Wilder,* for the appellee (plaintiff).

PER CURIAM.   The plaintiff entered into an oral contract with the defendant whereby he agreed to construct for the defendant a house substantially similar to another house which had been pointed out to the defendant and was owned by the plaintiff, for the sum of $3,700, and also to execute the woodwork for a brick garage for the further sum of $400. Prior to the making of this contract the plaintiff had figured on the specifications of a house at the request of defendant, and gave him an estimate of $6,700 as the cost thereof. Plaintiff thereafter entered upon the performance of his contract with defendant. When the framework of the house was up, defendant requested plaintiff's foreman in charge of the job to thereafter follow the requirements of a certain set of specifications, which was done. These specifications were substantially like those submitted to plaintiff which elicited the estimate of $6,700 above named. Certain additions and modifications were afterward made at defendant's direction, which involved more work and more and better material than was provided for in the original agreement under which said house was being constructed. By following the directions of defendant, plaintiff was put to great additional expense for labor and materials, resulting in the erection

of a house radically different from that contemplated
in the original oral contract. The trial court found
the plaintiff's damages, with interest, amounted to
the sum above named, and gave judgment therefor.

Defendant, appellant, assigns certain errors which
are not manifest unless the finding of the court be
radically changed. Out of sixteen paragraphs of the
finding by the trial court, seven are challenged by the
appeal of the defendant as having been found without
evidence. As to all of those paragraphs the evidence
was conflicting, and the finding of the court is sustained
by evidence supporting the same, with one exception.
In the fourth paragraph of the finding, the statement
is made that the agreed price for the work and materials
upon the building was $3,750. It is admitted in the
pleadings that this price was $3,700, and the court should
have so found. So far as the testimony is concerned,
the figure is repeatedly given in evidence as $3,750,
and that amount also appears in the bill of particulars,
which probably misled the trial court. This para-
graph of the finding should be corrected by substituting
$3,700 for $3,750. This correction reduces the proper
amount of the judgment by the amount of $50 and
interest thereon to the date of judgment heretofore
rendered, making a total deduction of $71.83.

Defendant's draft-finding contains twenty para-
graphs, eighteen of which he claims were supported
by uncontradicted evidence, and should be added
to the finding of the court in place of the paragraphs
of the finding to which exception is taken as above
stated. None of these paragraphs are supported by
uncontradicted evidence, except as to such facts ap-
pearing therein as are also included in the finding of
the court, except as regards the error in amount above
stated.

The appeal is in effect an effort to strike out all

of the finding of the court as to matters vitally in issue upon the pleadings, and to substitute for the part stricken out all but two of the paragraphs of the de-· fendant's draft-finding.   It is virtually an attempt to retry the case in this court on its facts under guise of correcting the finding made by the trial court upon every essential issue in the case.

There is error and the case is remanded to the Superior Court with direction to enter judgment for the plaintiff for $5,092.34 as of the date of the original judgment.