MARY K. LOFTUS *vs.* ALFRED G. PELLETIER.

Worcester,   October 4, 1915. — March 1, 1916.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* In operating automobile, Toward one engaged in common enterprise. *Automobile.*

In an action for personal injuries sustained by being thrown from an automobile alleged to have been operated negligently by the defendant, it may be a question for the jury, as it was under the circumstances of the present case, whether a skidding of the automobile which resulted in its overturning was caused by the defendant's negligence in driving at the rate of more than thirty miles an hour in going round a sharp curve where the road was crowned and its surface was loose and wet.

A district nurse hired and paid by a local organization to attend patients who could not afford a nurse, when called upon to do so by the doctor in charge of such a patient, and whose duty it was to go with a doctor in his automobile at

---

his request to attend a patient two miles out of town, was injured during such a transportation and brought an action against the doctor for her injuries. *Held,* that it was a question for the jury whether the plaintiff was being carried by the defendant for hire under her contract of employment.

In the case above stated it also was *held* that it could not be ruled as matter of law that the relation of the plaintiff and the defendant at the time of such injuries was that of persons engaged in a common enterprise.

*Whether* in the case above stated it could have been found that the plaintiff and the defendant were engaged in a common enterprise, or *whether,* if they were, neither of them could sue the other, here were referred to as questions which it was not necessary to consider.

Tort for personal injuries sustained by the overturning of the defendant's automobile in which the plaintiff was being transported under the circumstances stated in the opinion on August 15, 1912, on a road called Mill Circle in the town of Winchendon. Writ dated March 1, 1913.

In the Superior Court the case was tried before *Hall,* J., who at the close of the evidence, which is described in the opinion, ordered a verdict for the defendant, and at the request of the parties reported the case for determination by this court. If the ruling of the judge was correct, judgment was to be entered for the defendant on the verdict; otherwise, judgment was to be entered for the plaintiff in the sum of $1,600.

*M. McWalter,* for the plaintiff.

*F. F. Dresser, (D. W. Lincoln* with him,) for the defendant.

Loring, J. The plaintiff, a district nurse, was injured while being driven by the defendant, a doctor, in his automobile. The jury were warranted in finding that at the time of the accident the defendant was driving the automobile negligently and that his neglect was the cause of the injury to the plaintiff.

The facts were, or could have been found to be, substantially as follows: The defendant had turned out of the main street into Mill Circle, which led "off to the right gradually," and not at a right angle. In going from the main street to Mill Circle there was not much of a grade at first, but later on it "comes pretty steep." The accident happened at "the beginning of the steep pitch." The road was crowned at this point, the surface was somewhat loose and it had rained a little that day. The defendant was in the habit of going over this Mill Circle road two or three times a week and was familiar with the place. Before the defendant took the hill he was running twenty-five to thirty miles an hour, when he came

to the "steep pitch" he "went faster," "opened the throttle on the steering wheel to give more gasoline and to give more speed." Then as he "made a sharp turn to take the hill," at this rate of speed (which it might have been found exceeded thirty miles an hour) the car skidded, ran on the two wheels for forty or fifty feet and then turned over on its left side, the plaintiff being "thrown over the wind shield down on the left side near the front of the car."

It is true that the mere fact of the car's skidding is not evidence of negligence. *Williams* v. *Holbrook,* 216 Mass. 239. But under all the circumstances of this case it was a question for the jury whether the skidding was caused by the defendant's negligence in driving at a speed of more than thirty miles an hour in going round a sharp curve when the crowned surface of the road was loose and wet. See in this connection *Williams* v. *Holbrook,* 216 Mass. 239, 241; *Roach* v. *Hinchcliff,* 214 Mass. 267.

The defendant's main defence is that the plaintiff and the defendant (district nurse and doctor) were engaged in a common enterprise, and that since it has been held that those engaged in a common enterprise are both liable for an accident caused in the carrying out of that enterprise (*Adams* v. *Smith,* 172 Mass. 521) and that the contributory negligence of one in such a case is to be imputed to the other or others engaged in it (*Beaucage* v. *Mercer,* 206 Mass. 492), it follows that one of those engaged in the enterprise cannot sue another of them if the one was injured through the negligence of the other. We do not find it necessary to consider whether it could have been found that the plaintiff and the defendant were engaged in a common enterprise, nor whether, if they were, the defendant's contention that neither one could sue the other is well founded. The question we have to decide is whether it had to be ruled as matter of law that the relation between the plaintiff and defendant was that of persons engaged in a common enterprise.

We are of opinion that it could not have been so ruled. The plaintiff was hired and paid by the Women's Club of Winchendon to attend patients (who "could not afford a nurse") when called upon to do so by the doctor in charge of such a patient. She testified that it was "a common thing for the different doctors to take you to their cases when they were making their calls" when the patient was so far out of town as the patient was to whom the defendant was taking the plaintiff at the time here in question.

The patient in question "was over two miles from town." The defendant testified that: "It was her the [plaintiff's] duty to go with me on my request." These two pieces of testimony taken together warranted a finding that a right to be transported to the patient was an implied term of the plaintiff's contract of employment when the patient lived some two miles out of town, and that under that contract the plaintiff was bound to accept the doctor's automobile as the method of that transportation when it was offered to her. From these findings it followed or at least could have been inferred that at the time of the accident the plaintiff was being carried under her contract of employment, that is to say, that she was being carried by the defendant for hire.

The result is that the plaintiff's exceptions must be sustained; and that (in accordance with the stipulation of the parties) judgment must be entered for the plaintiff in the sum of $1,600. It is

*So ordered.*