MARY KRUY *vs.* F. RICHARD SMITH ET AL.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, BANKS and YEOMANS, Js.

Argued November 2d, 1928—decided January 18th, 1929.

*Raymond E. Hackett,* for the appellant (plaintiff).

*Stanley T. Jennings,* for the appellees (defendants).

MALTBIE, J. According to the testimony offered at the trial, the jury might reasonably have found the following facts: The plaintiff was engaged in general housework, being employed by the day by various people. On October 26th, 1927, she had been engaged by the defendant Mrs. Smith to work for her as a laundress and about 7:30 in the morning Mrs. Smith drove a five-passenger automobile, a family car, to the plaintiff's home to get her. Mrs. Smith brought her to the rear of the house where she was to work and stopped the car. She then said to the plaintiff, who was sitting on the back seat, something to the effect that they had arrived and had a large amount of work to do. Thereupon the plaintiff rose, put her right hand on the rear of the front seat of the car and her left hand on the handle of the door to open it. At that moment the car, as the plaintiff expressed it, "started going forward and backward motion," "commenced to buck back and forth." Thereupon the plaintiff fell through the door of the car onto the ground, receiving the injuries for which she seeks to recover.

The defendants contend that the plaintiff was within the purview of Chapter 308 of the Public Acts of 1927, which denies the right to recover for injuries suffered while one is being transported by the owner or operator of a motor vehicle as a "guest," unless the accident was "intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." The legislature, when it used

the word "guest," did not intend to include persons who are being transported for the mutual benefit of both the passenger and the operator or owner of the car, and in determining whether the transportation was for the mutual benefit of both, not merely the act of transportation must be considered, but also any contract or relationship between the parties to which it was an incident. Whether one is a "guest" must often resolve itself into a question of fact, to be determined by the jury under appropriate instructions from the court. The instant case well illustrates this principle. In the application of the fellow servant doctrine, numerous cases have arisen where an employee suffered injury while being transported to or from the place of employment in a vehicle of his employer. In *Pigeon* v. *Lane,* 80 Conn. 237, 67 Atl. 886, the law of this State as applied to such a situation is summed up and we there state that whether such an employee, while being transported, is a fellow servant with other employees of the same employer, may fairly be determined by the application of the test "whether it can rightly be said that the employer in furnishing the transportation and the employee in using it, were engaged in performing one of the express or implied duties of the employment." We there referred to the case of *McGuirk* v. *Shattuck,* 160 Mass. 45, 35 N. E. 110, wherein a laundress, employed by the day, who was injured while being transported from her home to the place of employment, was denied a right of recovery for the negligence of her employer's coachman, on the ground that they were fellow servants, and we pointed out that in that case it appeared that the conveyance was sent for the express use of the plaintiff and that the transportation was furnished and accepted to facilitate the performance of the work for

which she was employed. The last phrase must be read in the light of the record of the case, which shows only that the transportation would save the employee the time and effort which would otherwise have been required to walk from her home to her place of employment. In the instant case Mrs. Smith herself testified that she went to get the plaintiff under a prearrangement made with her, and that by so doing she enabled her to save the considerably longer time which would have been required had she traveled as she was accustomed to do by street railway. It is difficult to see upon the evidence how any other conclusion could reasonably have been reached than that the plaintiff was a servant and not a "guest" at the time of the injury; certainly the trial court was not justified in directing a verdict upon the ground that she was a "guest," within the purview of the statute.

We must then approach the case from the standpoint of such a relationship between the parties as imposed upon Mrs. Smith the duty to exercise reasonable care not to cause injury to the plaintiff. The jury might reasonably have found that, after the car came to a standstill, it started forward again, precipitating the plaintiff to the ground. If that was so, it would be a reasonable inference that its movement was due to some negligence in Mrs. Smith's operation of it, as by leaving the engine running after it had stopped and permitting the gears to become engaged by letting in the clutch. If the jury accepted plaintiff's testimony, they might have found that, impliedly invited to alight by the stopping of the car and while proceeding to do so as any person naturally would, she was precipitated to the ground by its starting again. The trial court could not determine as matter of law the issues of negligence and contributory negligence

presented upon the evidence but should have left them to the jury as questions of fact.

There is error and a new trial is ordered.

In this opinion the other judges concurred.