DANIEL GAGE *vs.* THE CHAPIN MOTORS, INCORPORATED.

MALTBIE, C. J., HAINES, BANKS, AVERY and CORNELL, Js.

Argued June 14th—decided August 16th, 1932.

*John F. Chatfield* and *Hadleigh H. Howd,* for the appellant (defendant).

*Raymond L. Carmody,* for the appellee (plaintiff).

CORNELL, J. On the morning of August 15th, 1931, plaintiff's car, an Essex sedan, while being driven by him from Otis, Massachusetts, to Winsted, Connecticut, developed a defect in its steering mechanism, called a "shimmy." Defendant conducts a garage at Winsted where the repair of Essex automobiles is spe-

cialized in. Upon arriving at Winsted plaintiff drove his car to defendant's garage and, after informing the party then in charge of the presence of such "shimmy" and the speed at which it occurred, contracted with defendant to repair it for the purpose of eliminating the defect. Defendant undertook to make such repairs, and one of its employees, a skillful and experienced mechanic, worked on the steering mechanism for more than an hour. A "shimmy" may be caused by any one or more of a number of conditions. When defendant's employee had completed the repairs he deemed necessary to correct the defect, and while defendant still retained possession and control of the car, he requested plaintiff, who had remained at the garage while the work was being done, to accompany him while he drove the car in a "road test." The purpose of this was to satisfy both defendant's mechanic and the plaintiff that the "shimmy" had been eliminated. Plaintiff accordingly entered the car, which defendant's mechanic-employee drove from the garage. Defendant's mechanic, in exclusive control of the car, operated it nearly a half mile west on Main Street, stopping at plaintiff's request so that he could perform a brief errand at a bank, and after traversing some other streets entered North Main Street. After traveling on a down grade on North Main Street, during which the speed of the car was increased, they came to a straight stretch of hard paved road. Plaintiff had informed defendant's agent that the car had "shimmied" when he was driving it himself when it attained a speed of forty miles per hour. On entering the stretch of road at the foot of the incline, defendant's mechanic increased the speed of the car to bring it up to that of forty miles per hour. The car had, however, attained a speed of forty-five miles per hour when it suddenly veered to the left in the direction of an automobile

which was parked on the left-hand side of the street. The driver immediately applied the brakes, causing the automobile to skid. It left the road, went over an embankment and turned over. At the point where the accident occurred, the paved portion of the road was twenty feet wide; there was no traffic proceeding in either direction and no cars in sight except that standing on the left side of the road; it was raining and the road was wet.

From these facts the trial court concluded that the driver of plaintiff's car, defendant's mechanic, was negligent in that he failed to keep a proper lookout, control and speed, under all the circumstances. In its second reason of appeal, the defendant attacks its conclusion, claiming that the court erred in the application of the standard of care by which it measured the conduct of defendant's mechanic in operating the car at the time of the accident. It supports this contention by insisting that, since the car had "shimmied" before it had been repaired at a speed of forty miles per hour, a "road test" at the same speed was necessary to determine whether the defect had in fact been corrected and that the degree of care to be applied was therefore that of a reasonably prudent man in performing a test of the same kind under the same conditions. It is not necessary to examine this claim, since it does not appear from the finding of facts that any recurrence of the "shimmy" occurred, or exerted any influence upon the operation of the car or the course which it took immediately before or after the application of the brakes. It was the jamming on of the brakes which, it is found, caused the car to skid and leave the road, and this occurred because the operator failed to maintain a proper lookout, control and speed under the circumstances, one of which circumstances was that of a wet pavement.

Similar observations apply to defendant's claim of error in the trial court's failure to find that the plaintiff was guilty of contributory negligence in voluntarily becoming an occupant of the car while charged with the knowledge that it had developed a "shimmy" with a resulting tendency to leave the road, when it was uncertain whether the adjustments made had corrected the defect, and knowing that, in order to determine whether they had, the car would have to be driven at a high rate of speed on a wet road. The finding is devoid of any suggestion that a repetition of the "shimmy" played any part in producing the accident, but establishes on the contrary that the accident resulted from negligent operation of the automobile by the defendant's mechanic. The determination of the facts showing the conduct of the parties and whether that conduct measured up to the standard of care, being one peculiarly within the province of the trial court, its conclusions present no occasion for review; *Camarotta* v. *Kling,* 108 Conn. 602, 143 Atl. 881; *Rozycki* v. *Yantic Grain & Products Co.,* 99 Conn. 711, 122 Atl. 717; *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 21 Atl. 675, 22 id. 544; in the absence at least of its appearing that they are unreasonable. *Rozycki* v. *Yantic Grain & Products Co., supra.*

Defendant's principal contention is that the plaintiff while riding with its mechanic in the plaintiff's car was its guest and in consequence it can be held liable only if the accident was intentional on the part of its servant or was the result of his heedlessness or his reckless disregard of the rights of others. General Statutes, § 1628. The allegations of the complaint are those of negligence and do not purport to state a cause of action such as is described in the statute, the character of which latter we have had occasion to distin-

guish from the former. *Ascher* v. *Friedman, Inc.,* 110 Conn. 1, 147 Atl. 263; *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 199, 139 Atl. 698; *Bordonaro* v. *Senk,* 109 Conn. 428, 147 Atl. 136; *Grant* v. *MacLelland,* 109 Conn. 517, 147 Atl. 138. The statute applies to persons "transported by the owner or operator of a motor vehicle as his guest without payment for such transportation." In *Kruy* v. *Smith,* 108 Conn. 628, 629, 144 Atl. 304, we said: "The legislature, when it used the word 'guest' [in this statute] did not intend to include persons who are being transported for the mutual benefit of both the passenger and operator or owner of the car, and in determining whether the transportation was for the mutual benefit of both, not merely the act of transportation must be considered, but also any contract or relationship between the parties to which it was an incident." The circumstance which provided the occasion for defendant's mechanic to drive plaintiff's car at the time of the accident, was the fact that a contractual relation then subsisted between plaintiff and defendant, the driver's employer. Whether or not the "road test" engaged in was incident to that contractual relationship is a question of fact. *Kruy* v. *Smith, supra,* p. 630.

The trial court might have been led to its conclusion in this regard by consideration of the fact that the "road test" was engaged in for the purpose of enabling the defendant to determine whether it had in fact performed its part of the undertaking, viz., the elimination of the "shimmy;" that the car had been delivered into defendant's possession for the accomplishment of this one purpose and that was the sole reason for its being delivered to it; that the defect in question was detectable only when the car, in operation, attained a certain speed, but could be caused by any one or more of distinct mechanical conditions or defects;

that a demonstration by actual operation of the car under similar conditions to those described by plaintiff as those under which the defect manifested itself, to show that the fault had been located and repaired, was calculated, first, to assure defendant that it had in fact performed its part of the engagement, and second, to establish that fact in the mind of the plaintiff, who was to pay for that particular service when performed; that such a demonstration was a benefit to defendant, since it evidenced the performance of its part of the contract and produced the event upon which it became entitled to receive the compensation either expressly agreed upon or implied under the circumstances; that other considerations closely related to and affecting the good will of its business were likewise thereby promoted. It is true of course that, from the defendant's standpoint, most of these assurances would have been available to it from a "road test" conducted by its own agent unaccompanied by plaintiff. The trial court might have justifiably concluded, however, that plaintiff also was concerned in knowing that the condition was effectively eliminated; first, because it was the successful performance of that particular thing which constituted the essence of defendant's contractual obligation, without which, or until the accomplishment of which, plaintiff was not required to pay a consideration; and second, because the defect to be remedied was one which made the operation of the car dangerous and a demonstration that it was in fact corrected gave him assurance that he might again use it without peril to himself or others from that source.

The trial court could reasonably reach the conclusion that the operation of the car arose out of a contractual relationship between the parties, was the result of and incidental to it and directed toward the

accomplishment of its purposes, and was therefore for the mutual benefit of the plaintiff and defendant. The situation found by the trial court is not one within the contemplation of the statute. General Statutes, § 1628; *Kruy* v. *Smith, supra.*

The appeal presents numerous requests for the correction of the finding of facts. Eight of these seek to have incorporated facts which are claimed to be admitted or undisputed; eight others ask the deletion of facts found by the court which are alleged to have been so found without evidence; another challenges the conclusions of the trial court as being without support in the facts appearing in the finding. An examination of the evidence certified discloses that, with the exception of one, none of these claims has foundation. Paragraph six of the finding states that, when the repairs were completed, "the mechanic stated that custom required a 'road test.'" There is ample evidence that it was the custom of defendant to make such a test following the completion of repairs, but none that this information was communicated to plaintiff, or that defendant's mechanic made the statement attributed to him, to the plaintiff. The error is immaterial, however, as the evidence fully justifies the presence of the fact, stated in the same paragraph, that defendant's mechanic "requested the plaintiff to accompany him so that they might both be satisfied that the 'shimmy' had been corrected." The invitation of defendant's mechanic found to have been given plaintiff to ride in the car for the purpose stated, deprives the matter of the influence of custom on the conduct of the parties of importance. This court cannot retry the facts. *Wood* v. *Smith,* 98 Conn. 238, 240, 118 Atl. 63.

There is no error.

In this opinion the other judges concurred.