CHARLES H. RUSSELL *vs.* LYDIA I. PARLEE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 7th—decided December 20th, 1932.

*Ralph O. Wells* and *William S. Locke,* for the appellant (defendant).

*Aaron Nassau,* with whom, on the brief, was *Francis P. Rohrmayer,* for the appellee (plaintiff).

BANKS, J.  The plaintiff received personal injuries while riding in an automobile operated by the defendant.  The complaint set up two causes of action, one based on negligence, and one based on heedless and reckless disregard of the rights of others under our so-called guest statute (General Statutes, § 1628).  In answer to written interrogatories the jury found that the plaintiff was entitled to recover upon the ground of the defendant's negligence, but not upon the ground of her heedless and reckless disregard of the rights of others.  The defendant appealed, assigning error in the denial of its motion to set aside the verdict and in the charge of the court.  It appears to be conceded that the jury could reasonably have found that the defendant was negligent, and the two contentions made upon this appeal are, (1) that upon the evidence the jury could not reasonably have found (what they must necessarily have found in order to reach a verdict based on negligence) that the plaintiff was not a guest within the meaning of the guest statute, and (2) that the charge of the court, relative to the test to be applied in determining whether the plaintiff was a guest, was erroneous.

The jury could reasonably have found the following facts: The defendant owned a farm in Enfield which she had purchased from George Grant, who continued to live on the place under an arrangement by which he had his board and lodging without charge in return for which he did whatever work was to be done upon the place.  This included the cultivation of the garden, the money needed to buy seeds and supplies for which was furnished jointly by the defendant and Grant, and the produce of which afforded the sole source of supply

of vegetables, etc., for the defendant's table, and was so utilized pursuant to the understanding and agreement between them. In the summer of 1931 Grant also did work upon another farm in Rockville known as the Worcester farm. He hired the plaintiff to assist him in the work both on the Worcester farm and that of the defendant, and on three occasions during the three weeks prior to the date of the accident the plaintiff had been engaged in cultivating corn and potatoes and the garden upon the defendant's place. These were being cultivated for the defendant's benefit. The plaintiff was not hired by the defendant nor did the latter expressly authorize Grant to hire him. On June 4th, 1931, Grant and the plaintiff had been working on the Worcester farm, and the defendant, at Grant's request, drove there to bring him back to work upon her place. Upon her arrival she called to Grant to come with her to work upon her farm, and he in turn called to the plaintiff, and they both got into the defendant's car. The defendant knew that the plaintiff was going to her place to help Grant cultivate the corn, potatoes and garden there. The accident in which plaintiff was injured occurred upon their ride to the defendant's farm.

Whether the plaintiff was being transported as a "guest without payment for such transportation" was submitted by the court to the jury as a question of fact, with the correct instruction that in that event the plaintiff could not recover on the ground of mere negligence. The defendant contends that, upon the evidence, as to which there was little dispute, the plaintiff as a matter of law must be placed in that category, while the plaintiff claims that the jury could reasonably find that he was being transported for the mutual benefit of himself and the defendant, and con-

sequently that his transportation was not gratuitous, and not within the terms of the guest statute.

In *Kruy* v. *Smith,* 108 Conn. 628, 144 Atl. 304, the plaintiff was injured while being transported by the defendant in her car to the latter's residence where she was engaged to work as a laundress. We held that the trial court was not justified in directing a verdict in favor of the defendant on the ground that the plaintiff was a "guest" within the purview of the statute, and said (p. 629): "The legislature, when it used the word 'guest,' did not intend to include persons who are being transported for the mutual benefit of both the passenger and the operator or owner of the car, and in determining whether the transportation was for the mutual benefit of both, not merely the act of transportation must be considered, but also any contract or relationship between the parties to which it was an incident. Whether one is a 'guest' must often resolve itself into a question of fact, to be determined by the jury under appropriate instructions from the court." In *Leete* v. *Griswold Post,* 114 Conn. 400, 158 Atl. 919, the plaintiff was being transported in an ambulance without charge, but there was a reasonable prospect that he would later make a donation to the defendant for its ambulance fund. We held that the transportation was not for the mutual benefit of the plaintiff and defendant, since the extent and nature of the reciprocal advantages which would produce that result are confined to certain definite relations, such as master and servant, and to tangible benefits accruing to the transporter, which were not present in that case. In the *Kruy* case there existed between the transporter and the person transported the legal relationship of master and servant and the transportation was held to be an incident of that relationship. It is the contention of the defendant that not only must

the transportation be incident to a definite legal relationship between the parties, but the benefit accruing to the transporter must be a technical legal benefit, not merely incidental to the relationship but bargained for by the parties, and made the consideration for the transportation. Support for this proposition is sought in the law of bailments. It is said that the difference between a gratuitous bailment and a bailment for hire is that in the former any consideration which may incidentally be present is not bargained for, that is, it is not intended by the parties to be the consideration for the bailee's undertaking, whereas in the latter the consideration is bargained for. By analogy it is claimed that unless the transportation is furnished under an agreement for a specific compensation as a consideration for the undertaking, it must be held to be gratuitous. In *Silver* v. *Silver*, 108 Conn. 371, 143 Atl. 240, in discussing the question of the constitutionality of our guest statute, we noted the distinction to be found running through many fields of the law between the duty imposed in the case of the gratuitous performance of services and the performance of them for hire, and cited, as one example, that existing between the gratuitous bailee and the bailee for hire. We were there considering the inherent justice of imposing a higher duty, and a different measure of liability, in the case of services rendered for hire than in those rendered gratuitously. It was not there suggested that any analogy could be found in the law of bailments which would be helpful in a consideration of the question of when transportation is furnished for the mutual benefit of the parties and when it is gratuitous.

We are here concerned, not with a relationship growing out of contract, as in the case of a bailment, but with the construction of a statute denying to a certain class of passengers in an automobile a right to recover

compensation for injuries resulting from negligence in its operation, to which, prior to its enactment, they were entitled. Its operation should not be extended beyond the correction of the evils and the attainment of the permissible social objects which, it may be assumed, were the inducing reasons for its enactment. *Silver* v. *Silver*, 280 U. S. 117, 122, 50 Sup. Ct. 57. It may well have appeared to the legislature that there were sound social reasons for denying a recovery for negligence against one who was transporting in his automobile a member of his family or a social guest or casual invitee, in an action brought by the recipient of his hospitality, which would not exist where a mutual benefit growing out of the relationship of the parties was contemplated, even though the benefit to be received was incidental, and not a technical legal benefit which the parties by their contract had bargained for as the consideration for the transportation. Bearing in mind the objects which it may be assumed were within the legislative purpose in the enactment of this legislation, we are not prepared to say that the legislature intended to deny a right of recovery for negligence to a passenger in an automobile unless there was, by bargain between the parties, a consideration for the transportation moving to the owner or operator. The person transported is not a guest within the meaning of the statute if the transportation is for the mutual benefit of both parties, and in determining whether it was for their mutual benefit the relationship between the parties to which it was an incident may be considered. *Kruy* v. *Smith, supra.* The relationship must be definite and the benefit tangible (*Leete* v. *Griswold Post, supra*), but it is not required that the relationship be such that the benefit accruing is the consideration for the transportation agreed upon by the parties. See *Loftus* v. *Pelletier*, 223 Mass. 63,

111 N. E. 712; *Lyttle* v. *Monto,* 248 Mass. 340, 142 N. E. 795.

The arrangement between the defendant and Grant created an identity of interest between them in the cultivation of the garden, and the transportation of the plaintiff contemplated a benefit to her by expediting the necessary work in her garden, though the actual wages of the plaintiff were to be paid by Grant instead of herself. The court submitted the question to the jury as one of fact, and we cannot say that it erred in denying the defendant's motion to set aside the verdict in favor of the plaintiff.

The court charged the jury upon this point in the language of *Kruy* v. *Smith,* and the criticisms of the charge in the defendant's assignments of error are sufficiently answered in our discussion of the question of whether the verdict should stand.

There is no error.

In this opinion the other judges concurred.