MONISON *v.* McCOY.

APPEAL AND ERROR—MOTOR VEHICLES—PASSENGERS.
    Judgment for plaintiff for personal injuries sustained while a passenger in defendant's automobile is reversed and new trial granted.
    SHARPE, C. J., and WIEST and BUTZEL, JJ., dissenting as to the granting of a new trial.

Appeal from Bay; Houghton (Samuel G.), J. Submitted October 6, 1933. (Docket No. 92, Calendar No. 37,214.) Decided December 19, 1933. Submitted on rehearing April 3, 1934. Decided July 2, 1934.

Case by Josephine Monison against Oscar McCoy and William Young for personal injuries sustained while a passenger in defendant McCoy's automobile alleged to be due to defendants' negligence. From

judgment for plaintiff as to defendant McCoy, he appeals. Reversed, with a new trial.

*H. J. Gaffney* (*Carl H. Smith,* of counsel), for plaintiff.

*Arthur J. Kinnane* and *Penny & Clark* (*George J. Burke,* of counsel), for defendant McCoy.

POTTER, J.   Defendant appeals from a judgment of $2,000 rendered against him for injuries suffered by plaintiff in an automobile accident.   Plaintiff is defendant's sister-in-law.   She lives in Crump, about 20 miles north of Bay City, the residence of defendant.   Defendant's wife was sick at the home of Mrs. Dupuis, her sister.   Defendant's wife sent their son Floyd McCoy to plaintiff's home to get her to come and take care of his mother.   No wages were agreed upon; nothing was said about paying her for her services by defendant's wife.   Plaintiff says she would have been glad to have given her services without pay.   There was no understanding about pay before plaintiff went to Bay City.   Plaintiff was paid $8 before she left defendant's home, and her sister, defendant's wife, said she would send her $2 more for her services.   Plaintiff cared for defendant's wife at their home in Bay City for about a week, and then wanted to go back to her home at Crump.   It was understood defendant's wife would see that plaintiff was taken home.   Defendant's wife instructed defendant to take her home.   He started to do so.   Plaintiff had some clothing and other things at Mrs. Dupuis' and defendant drove out of his way to Mrs. Dupuis' where plaintiff's things were procured, and then started to take her home.   At a street intersection the automobile driven by defendant was struck by an auto-

mobile driven by William Young, named as a joint defendant in plaintiff's declaration, and plaintiff injured.

The declaration charges defendant's negligence with great particularity. Defendant filed an answer denying negligence and alleging the accident was caused by the negligence of defendant Young. The case was discontinued as to Young and submitted to the jury as to defendant with the result above indicated. Defendant appeals.

The case is here on a bill of exceptions alleging error in refusing to give eight requests of the defendant to charge; refusing to submit two special questions to the jury; denying plaintiff was in the employ of defendant at the time of her injury; charging the jury in many particulars and in holding and charging plaintiff was not a guest passenger, but a passenger for hire.

It is claimed the court was in error in charging the jury:

"I submit that the plaintiff in this case wasn't a guest under the language of that statute, because under the testimony in this case the defendant's wife, Mrs. McCoy, had engaged her sister to come and work for her and sent to get her, apparently for some reason, whether she had a conveyance or not, but sent for her and took her to her home and she understood and the plaintiff understood that she was to take her back. Everything that has developed here indicates it, and she did provide a means of sending her home. They employed her and went after her with the understanding and intention of returning her to her home."

It is the claim of the defendant the testimony shows plaintiff was a guest passenger at the time of her injury and defendant may be held liable only for gross negligence or wilful or wanton misconduct.

By 1 Comp. Laws 1929, § 4648, it is provided: "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation" shall have a cause of action for ordinary negligence, but only for gross negligence or wilful or wanton misconduct. Under this statute, which is in derogation of the general rule, two things must concur to bring the injured person within the exclusionary rule. First, the party must be the guest of the owner or operator of the motor vehicle; and second, transportation must be given without payment therefor. The cases bearing upon who is a guest are discussed in *Bookhart* v. *Greenlease-Lied Motor Co.*, 215 Iowa, 8 (244 N. W. 721), and the annotations thereto in 82 A. L. R. 1365. It seems to be established that a prospective buyer of an automobile to whom it is being shown is not a guest, nor is one invited by real estate salesmen to look at real estate. Where plaintiff was engaged in general housework and defendant went after her with an automobile to take her to her home to work and plaintiff was injured by reason of defendant's negligent operation of the automobile, it was said:

"The legislature, when it used the word 'guest,' did not intend to include persons who are being transported for the mutual benefit of both the passenger and the operator or owner of the car, and in determining whether the transportation was for the mutual benefit of both, not merely the act of transportation must be considered, but also any contract or relationship between the parties to which it was an incident. Whether one is a 'guest' must often resolve itself into a question of fact, to be determined by the jury under appropriate instructions from the court. * * * In the application of the fellow-servant doctrine, numerous cases have arisen where an employee suffered injury while being transported to or from the place of employ-

ment in a vehicle of his employer." *Kruy* v. *Smith,* 108 Conn. 628 (144 Atl. 304).

If the testimony was such that more than one inference or conclusion might be drawn therefrom by the jury, whether plaintiff was a guest or not would be a question for the jury, but there is no dispute in the facts here presented and the court on this record properly held, as matter of law, plaintiff was not a guest passenger.

This case was tried by jury. When the jury was being impanelled, counsel for plaintiff asked the jury:

"Are any of you insured in the Citizens Mutual Automobile Insurance Company?

"Any of you gentlemen insured in any insurance company?

"Do you know anyone connected with the Citizens Mutual Automobile Insurance Company?

(To a particular juror) "Are you insured in the Citizens Mutual Insurance Company?

"Do you know anyone connected with the Citizens Mutual Insurance Company?

"Do you know any agents?

"Do you carry any insurance in the Citizens Mutual Automobile Company?

"Do you have any insurance in the Citizens Mutual Insurance Company?"

Timely objection was made to each of these questions by counsel for defendant. The court indicated he did not think it proper to ask if a juror knew an agent or officer. "The question is whether he is a stockholder or whether he is insured, and that is proper."

This case was not against an insurance company. No insurance company was a party to the record. If the case directly involved an insurance company some of the questions might be proper as bearing

upon the interest of the jurors and possibly to develop reasons for peremptory challenges; but upon the record the question of insurance was not involved. We think the persistent interrogation of witnesses in relation to insurance and a particular insurance company brings this case fairly within the prior decisions of this court and constituted prejudicial error. *Holman* v. *Cole,* 242 Mich. 402; *Palazzolo* v. *Sackett,* 245 Mich. 97; *Easton* v. *Medema,* 246 Mich. 130; *Harker* v. *Bushouse,* 254 Mich. 187. It is claimed the charge of the court was unfair in that it gave undue prominence to the claims of plaintiff and failed to fairly submit the theory of the defendant. There is no doubt but it was the duty of the court to fully and fairly present to the jury the contentions of the respective parties. Instructions of the court should not unduly emphasize either one side or the other. We have examined the charge of the court. That part of the charge in which the court stated; ''You have no right to deliberately walk into a place of danger and then claim you are free from negligence. That is the law of the road and the law governing vehicular traffic,'' might well have been omitted. But on the whole the charge fairly stated the contentions of the respective parties.

Judgment reversed, with costs. New trial granted.

McDonald, C. J., and Weadock and Fead, JJ., concurred with Potter, J.

Wiest, J. (*for reversal without new trial*). Plaintiff is a sister of defendant's wife. Defendant's wife was sick and asked plaintiff to come to her home and take care of the housework for a week. Plaintiff obliged her sister who paid her $8 and promised to pay $2 more. Plaintiff, at the close of

her services, visited Mrs. Dupuis, another sister in the same city, remained there over night, and then returned to be taken home. Plaintiff requested that she be taken to the home of Mrs. Dupuis in order that she might procure articles of clothing, an iron sink and parcels to take home. This request was complied with, required defendant to go out of his way several blocks and the accident happened before the route from his home to that of plaintiff was reached.

The undisputed facts show that plaintiff was a guest and not a passenger for hire. The transportation was an accommodation, at least to the home of Mrs. Dupuis, where she had been given things she wanted to take to her home. This trip was not on the route from defendant's home to the home of plaintiff but a deviation therefrom of several blocks, and the accident happened after leaving Mrs. Dupuis' home and before reaching the route between the homes of defendant and plaintiff. From defendant's home to the time and place of the accident plaintiff's transportation bore no relation in purpose or connection to the services she had rendered defendant but was gratuitous on defendant's part and an accommodation requested by plaintiff. Up to and including the time and place of the accident plaintiff was a guest and not a passenger for hire, for she was on such sidetrip for her sole benefit.

Defendant was not guilty of wanton or wilful misconduct.

The case presented does not require consideration of the rule applicable to transportation of a servant by a master.

The judgment should be reversed, with costs, and without a new trial.

SHARPE, NORTH, and BUTZEL, JJ., concurred with WIEST, J.

(ON REHEARING.)

POTTER, J. I see no reason for receding from the position taken in the former opinion. Plaintiff was at her home. Mrs. McCoy had been in a hospital. She was being taken to the home of Mrs. Dupuis. She wanted plaintiff to come to take care of her. She sent her son to plaintiff's home to get her. When plaintiff came with him she came to Mrs. Dupuis' where defendant's wife was. Afterward Mrs. McCoy was removed to her own home and plaintiff went there to take care of her. When her services were completed she was paid and defendant started to take her home. In doing so he traversed the same route, as far as he went, plaintiff had traveled in coming to his home. She went back to Mrs. Dupuis where plaintiff was first brought and where she had left some of her clothing, and where she cared for Mrs. McCoy, and from there started to take plaintiff home. On this trip the accident occurred.

It is claimed plaintiff was a guest. If so, then in every case where one is taking a hired girl home she is a guest, and not an employee. Plaintiff was not a guest within the holdings of the court in *Lyttle* v. *Monto,* 248 Mass. 340 (142 N. E. 795); *Loftus* v. *Pelletier,* 223 Mass. 63 (111 N. E. 712); *Jackson* v. *Queen,* 257 Mass. 515 (154 N. E. 78); *Kruy* v. *Smith,* 108 Conn. 628 (144 Atl. 304); *Russell* v. *Parlee,* 115 Conn. 687 (163 Atl. 404); *Smith* v. *Fall River Joint Union High School District,* 118 Cal. App. 673 (5 Pac. [2d] 930).

In the first case it was held that a boy asked by the driver of a truck to show him the way was not his guest; in the second, that a nurse going with a doctor to care for an indigent patient was not a

guest; in the third, that a purchaser of merchandise riding in a truck at seller's request to show the driver the place of delivery was not a guest; in the fourth where a woman was engaged in doing housework and was injured while being driven to defendant's home for that occupation, it was said:

"The legislature when it used the word 'guest' did not intend to include persons who are being transported for the mutual benefit of both the passenger and the operator or owner of the car."

Substantially the same rule was followed in *Russell v. Parlee, supra.* Going and getting plaintiff and returning her to her home were a part of the terms of employment as shown by the testimony and by acts of the parties. She was sent for by defendant and was being taken home by defendant when the accident occurred. Bringing her and taking her back were part of an arrangement for her employment—part of the consideration for her coming to work—was a benefit, real or supposed, both to herself and to her employer; and where the employer is being benefited by one taking a journey to work or from work, the employee cannot be called a guest or gratuitous passenger. Plaintiff was being transported for the mutual benefit of herself and the defendant and was not a guest. I am unable to distinguish this case, in principle, from *Kruy v. Smith, supra.*

Judgment reversed, with costs and new trial ordered.

FEAD, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with POTTER, J.

NORTH, J. It seems proper on this rehearing to note a controlling phase of the record which has not

been stressed heretofore. Decision herein depends on whether plaintiff was a guest passenger. In her declaration she alleges that she was employed by defendant to perform services in and about his home and that:

"At the time of entering into the contract for services, defendant McCoy agreed * * * upon the termination of said services, to transport her, said plaintiff, to her said home in the country."

As I view this record, it contains no testimony tending to sustain plaintiff's contention. Her sister, defendant's wife, whom plaintiff was called to nurse, paid plaintiff for a week's nursing. Plaintiff repeatedly testified there was "no agreement made about pay." At the suggestion of Mrs. McCoy her son Floyd went with his automobile to plaintiff's home and brought her to attend his mother. Floyd was 27 years old, married and lived apart from his parents. There is no testimony that either he or his mother had authority to bind defendant or at any time undertook to bind defendant relative to plaintiff's services or transportation. At most the testimony only shows that the son said: "We will see that you get back all right." When testifying, plaintiff said: "I was counting on him (defendant) taking me home, because that was the bargain."

Obviously this was only the conclusion of the witness who gave no testimony showing with whom the "bargain" was made, when or where it was made, or any other fact which gives her statement evidentiary force. Plaintiff's services in the McCoy home were concluded on Sunday. The accident did not occur until the following Tuesday night. In the meantime plaintiff was visiting relatives in Bay City. There is testimony that at first it was thought the son Floyd would take plaintiff back to her home.

Later plaintiff planned to ride back with a Mr. Bennett, but he was prevented by sickness from making the trip. Defendant returned home from his work about 6 p. m. Tuesday and at his wife's request he consented to take plaintiff home. In a legal sense, so far as any testimony discloses, he was under no obligation whatever to do so. He merely volunteered to assist his wife's sister. He received no consideration. He was under no contractual obligation. If defendant had declined to furnish plaintiff with transportation on her return trip, thereby breaching the so-called "bargain," and plaintiff had sued him for such breach, it is too clear for argument that on the record here presented she would have failed of recovery. The same test is applicable here with like result. It all comes to this, the record herein is barren of any testimony tending to show that the defendant or any other person authorized to act for him entered into any agreement with plaintiff by which defendant was obligated to furnish her with transportation on the return trip to her home. Instead he merely volunteered to do so and plaintiff was a so-called guest passenger.

Appellee's counsel contend that Mrs. McCoy, as wife of defendant, had implied authority to bind him. Their position was thus stated to the court and opposing counsel:

"We stand on the theory that Oscar McCoy did not personally engage this plaintiff, but our theory is that Mrs. McCoy engaged her, and as a wife she had the authority to do so, and that he is bound by the wife's acts, being a necessity."

Specifically their contention was that a wife as such has implied authority to contract for her husband that he shall become a carrier of a third person for hire. We think such contention is untenable.

Transportation for Mrs. Monison can hardly be said to have been a "necessity" for Mrs. McCoy. Later appellee's counsel restated their theory as follows:

"We are not saying there was a contract that Oscar McCoy would take Mrs. Monison home; the contract was that *they* would see that she got home; they might have engaged somebody or got a friend to do it. * * * The contract was to take her home; it is nothing personal with Oscar McCoy."

It is uncertain to whom counsel referred when they stated "they" would see that plaintiff got home. Possibly there is some testimony that Mrs. McCoy or her son Floyd made promises of that character; but there is no testimony that defendant or anyone authorized to act for him made in his behalf such an agreement.

In our former decision (266 Mich. 693), reviewing verdict and judgment for plaintiff, we were unanimous in holding that there must be reversal. But only four members of the court based decision on a legal aspect of the case which is controlling in favor of defendant. On rehearing seemingly the court is still equally divided on this phase of the record. An equal division in this court affirms decision of the trial court. Therefore plaintiff herein should be granted a new trial in the circuit. Under the circumstances I am in accord with Mr. Justice POTTER in granting a new trial; but otherwise I concur in the opinion of Mr. Justice WIEST.

WIEST, J. (*for reversal without new trial*). The accident occurred on the side trip and that trip was for the sole benefit of the plaintiff and, therefore, wholly gratuitous on the part of defendant.

The cases cited by my brother have been examined and found to merely apply the rule common to the relation of master and servant, where there is benefit

to the master or where some service is rendered the driver by the passenger or the travel was for the mutual benefit of both driver and passenger. See, *Leete* v. *Griswold Post, No. 97, American Legion,* 114 Conn. 400 (158 Atl. 919).

In *Smith* v. *Fall River Joint Union High School District,* 118 Cal. App. 673 (5 Pac. [2d] 930), (cited by my brother), a school child, riding in a bus, hired to transport children, was held not a guest, and the origin of the guest act was very aptly stated:

"The veritable flood of 'guest suits' in California during the past few years doubtless spurred the legislature to action, and hence the enactment. These actions generally arose where generous drivers offered rides to those in need, only to find themselves facing an action for damages. Wives would also sue husbands and brothers sue sisters."

If the relation of master and servant can be imagined to have existed while plaintiff was helping her sick sister, it certainly did not cover the trip to another sister's home upon an errand with which defendant had no concern. The relation of master and servant, if ever present, did not accompany the parties on the side trip, and was not restored until return to the regular route and resumption by defendant of his duty as master. See, *Brinkman* v. *Zuckerman,* 192 Mich. 624; *Drobnicki* v. *Packard Motor Car Co.,* 212 Mich. 133; *Murphy* v. *Kuhartz,* 244 Mich. 54.

At the time of the accident plaintiff was a guest and, no wanton or wilful misconduct on the part of defendant being alleged, there is no right of recovery.

The judgment should be reversed, with costs, and without a new trial.

Sharpe, C. J., and Butzel, J., concurred with Wiest, J.