SOPHIE CHAPLOWE *vs.* SELMA POWSNER ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 3d—decided November 8th, 1934.

*Thomas R. Robinson,* with whom, on the brief, was *Isadore Chaplowe,* for the appellant (plaintiff).

*William L. Hadden,* with whom was *Clarence A. Hadden,* for the appellees (defendants).

HINMAN, J. The plaintiff and the named defendant were near neighbors, in West Haven, and intimate friends. They went out together socially very frequently, in the automobile of one or the other, depending upon which was available. On August 25th, 1932, the plaintiff's husband had a pass, admitting two, to a preview of a moving picture which was to be given at a New Haven theater after the regular night performance. Admission was only upon passes, issued by the distributors to exhibitors, theater owners and managers, and could not be purchased. Plaintiff's husband intended to attend this preview with her but was called away and required the use of the car. Thereupon the plaintiff telephoned to the defendant Selma Powsner, asked her if she could use her car, stated that she had this pass and that Mrs. Powsner could come along to the preview and it was arranged that they and two other ladies, one of whom also had a similar pass, should go in the defendant's car. At the

appointed time the plaintiff and one of the other ladies went to the defendant's house, the plaintiff entered the car and was injured through negligent operation of it by the defendant, but all four ladies attended the preview, using the two passes. Upon the foregoing facts the trial court concluded that the plaintiff did not intend the use of the pass by the defendant to be compensation for the use of her automobile and the defendant did not intend the use of her car to be in return for admission to the theater on the pass, but that the plaintiff was a gratuitous passenger within the meaning of § 1628 of the General Statutes. Aside from the requested additions to the finding of facts which we find are not admitted or undisputed, the assignments of error attack these conclusions.

The purpose and object of the General Assembly in adopting Chapter 308 of the Public Acts of 1927, which is now § 1628 of the General Statutes, and which denies the right to recover for injuries sustained while one is being transported by the owner or operator of a motor vehicle "as his guest without payment" of fare unless the accident was intentional or caused by heedlessness or reckless disregard of the rights of others, has been well stated, concerning a somewhat similar California statute, as follows: "As the use of automobiles became almost universal, the proverbial ingratitude of the dog that bites the hand that feeds him, found a counterpart in many cases that arose, where generous drivers, having offered rides to guests, later found themselves defendants in cases that often turned upon close questions of negligence. Undoubtedly, the legislature, in adopting this Act, reflected a certain natural feeling as to the injustice of such a situation. Neither this feeling nor the reasons therefor apply to a situation arising out of an ordinary business transaction." *Crawford* v. *Foster,* 110 Cal.

App. 81, 87, 293 Pac. 841. In *Russell* v. *Parlee,* 115 Conn. 687, 692, 163 Atl. 404, we said of our own statute: "It may well have appeared to the legislature that there were sound social reasons for denying a recovery for negligence against one who was transporting in his automobile a member of his family or a social guest or casual invitee." See also *Silver* v. *Silver,* 280 U. S. 117, 122, 50 Sup. Ct. 57.

The California statute defines a "guest" as "a person who accepts a ride in any vehicle without compensation therefor," and might well be regarded as somewhat more liberal as to limitation of the guest status than our statute, which specifies a "guest without payment for such transportation," or the Iowa law denying liability for mere negligence to any person "as a guest or by invitation and not for hire." *Crawford* v. *Foster, supra,* p. 83; *Sumner* v. *Edmunds,* 130 Cal. App. 770, 778, 21 Pac. (2d) 159, 163; *Bookhart* v. *Greenlease-Lied Motor Co.,* 215 Iowa, 8, 244 N. W. 721, 82 A. L. R. 1359. While we have held that "the legislature, when it used the word 'guest', did not intend to include persons who are being transported for the mutual benefit of both the passenger and the operator and owner of the car," we have also said that in determining as to the existence of such mutual benefit "not merely the act of transportation must be considered, but also any contract or relationship between the parties to which it was an incident." *Kruy* v. *Smith,* 108 Conn. 628, 629, 630, 114 Atl. 344. In *Leete* v. *Griswold Post,* 114 Conn. 400, 158 Atl. 919, we further pointed out (page 408 of 114 Conn.) that "the extent and nature of the reciprocal advantages" which will constitute such mutual benefit as will relieve one of the disabilities of a guest "are not unlimited but are confined to certain definite relations, such as master and servant, and to tangible benefits

accruing to the transporter—as saving time for which he as master pays, facilitation of a servant's work, or the like." These limitations and their practical application have been illustrated by subsequent cases which have come to this court and right of recovery has been sustained only when such definite relations and tangible benefits have been present. For example, in *Russell* v. *Parlee, supra,* it was held that the arrangement between the defendant and Grant created an identity of interest between them, in the cultivation of a garden on the defendant's farm, which extended to the plaintiff who, the defendant knew, was going to the farm to help Grant cultivate the garden, and that the transportation of the plaintiff involved a benefit to the defendant in expediting that work. In *Gage* v. *Chapin Motors, Inc.,* 115 Conn. 546, 162 Atl. 17, the relation clearly was contractual—automobile repairer and customer—and the mutual benefit of the road test during which the accident occurred was apparent. On the other hand, in *Leete* v. *Griswold Post, supra,* and *Bradley* v. *Clarke,* 118 Conn. 641, 174 Atl. 72, the "reciprocal advantages" necessary to remove a plaintiff from the category of a "guest" are found to be lacking and recovery was denied.

Although the operation of the statute in denying a right of recovery should not be extended, by construction, beyond the correction of the evils and the attainment of the social objects sought by it (*Russell* v. *Parlee, supra,* p. 692), equally, the scope of the term "guest" should not be so restricted as to defeat or impair those purposes, as would be the case if one riding as a mere recipient of hospitality be excluded from the status of a guest. No case within our knowledge has gone so far.

The finding in the present case depicts, at most, a situation of reciprocal hospitality between neighbors

and intimate friends—that of the car extended by the defendant and that of the theater pass by the plaintiff—and is barren of such definite relations, contractual or otherwise, and of such tangible mutual benefits as the statute contemplates in order to remove the plaintiff from the status of a guest and the consequences attaching thereto.

Manifestly the plaintiff's situation is much less meritorious than that presented in *Master* v. *Horowitz,* 261 N. Y. Sup. 722 (affirmed 262 N. Y. 609, 188 N. E. 86). In that case the accident occurred in Connecticut, § 1628 of the General Statutes was invoked and applied, and it was ruled, as a matter of law, that the plaintiffs, one of whom accompanied the defendant, at his request, to guide him to a dentist's office, were guests within the meaning of the statute. In *Lyttle* v. *Monto,* 248 Mass. 340, 142 N. E. 795, the facts were similar, the plaintiff, at the request of the defendant operator, riding upon a truck to show the location of a place sought by the defendant, was injured while being returned to his home. However, claim to recovery was not based on a statute such as ours but under a rule, judicially adopted, that the liability of one who undertakes to carry another gratis is the same as that of a gratuitous bailee—for gross negligence only. *Massaletti* v. *Fitzroy,* 228 Mass. 487, 118 N. E. 168; *West* v. *Poor,* 196 Mass. 183, 81 N. E. 960. Also the holding of the court was to the effect, only, that the jury were warranted in finding, as a fact, that the plaintiff was not a mere licensee.

According the present plaintiff the benefit of inferences most favorable to her, the question whether she was a guest within the meaning of the statute was, at best, one of fact for the trial court and we are unable to hold, as a matter of law, that the court was incorrect in concluding that she was a guest. In fact we

are inclined to agree with the opinion expressed in the memorandum of decision that suggestion of any other relation of the parties, such as a contract for transportation to be compensated for by the use of the pass, would have been resented by either at the time, and until self-interest of the plaintiff intervened. We also find force in the defendant's suggestion that to permit emancipation from the consequences of the guest statute to rest upon so fragile a foundation as is afforded by the facts found, would go far toward defeating the plain purpose of the statute and practically amount to its repeal.

There is no error.

In this opinion the other judges concurred.