## HALLGREN v WILSON

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14208. Decided March 4, 1935

Pennell & Johnson, Cleveland, for plaintiff in error.

John H. McNeal, Cleveland, for defendant in error.

ment for the ride was made in money, but payment may be made in other considerations than money. By the mutual agreement of the master and servant of their mutual benefit, it was agreed that this transportation should be furnished to her. The consideration therefor was her employment to him as a domestic servant.

We conclude, therefore, that under the circumstances alleged in the petition, there is consideration for said ride on behalf of the servant, and that she was not a mere gratuitous passenger.

A number of states have similar statutes which have been interpreted by the courts of said states. In Crawford v Foster, 110 California Appeals, page 81, the court, in passing upon a similar statute, says:

"We think the meaning of the language used is that a guest is one who is invited, either directly or by implication, to enjoy the hospitality of a driver of a car; who accepts such hospitality; and who takes a ride, either for his own pleasure or on his own business, without making any return to or conferring any benefit upon the driver of the car other than the mere pleasure of his company."

The following cases are also in point:
Kruy v Smith, 108 Conn. 628.
Leete v Griswold Post, 114 Conn., page 400.
Master v Horowitz, 261 N. Y. S. 722.

We, therefore, conclude that because the trial court was in error in sustaining the demurrer to the petition and entering judgment for defendant, the cause should be reversed.

LIEGHLEY, PJ, and LEVINE, J, concur in judgment.

### OPINION

By TERRELL, J.

It is true there is no allegation that pay-