## LINN v. NORED.

### No. 8819.

Court of Civil Appeals of Texas. Austin.

Oct. 25, 1939.

Rehearing Denied Nov. 22, 1939.

N. C. Walker, of San Saba, for appellant.

Eskridge & Groce, of San Antonio, for appellee.

BLAIR, Justice.

Appellant, William V. Linn, sued appellee, Gene Nored, for damages for personal injuries sustained when appellee drove his automobile in which appellant was riding into the rear end of a trailer attached to a truck, which was being operated on the same highway at a slow rate of speed, and traveling in the same direction of the automobile at the time of the accident. At the conclusion of the evidence the court instructed a verdict for appellee; hence this appeal.

The decision in the case turns upon the question of whether appellant was the guest of appellee within the meaning of the provisions of Art. 6701b, Vernon's Ann. Civ.St., which reads: "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case

of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

Appellant alleged that he was not the guest of appellee because just prior to entering the automobile of appellee he had drunk a large amount of intoxicating liquor which caused him to lose control of his faculties and that he did not know or understand what he was doing; and that without his knowledge or consent appellee took him in his automobile and started on the trip from San Saba to Fort Worth; that the transportation was without consideration; and that while proceeding along the highway, appellee, due to the several specific acts of negligence alleged, ran his automobile into the rear end of the trailer, resulting in the serious injuries to appellant. Appellant further alleged that appellee was reckless, careless, and grossly negligent with respect to each of the specific negligent acts charged against him.

The facts in the case are simple, and in the main are not controverted. They show that appellant and appellee had known each other for several years prior to the occurrence of the accident in question; that they had done business together, and had made a number of trips from San Saba to Fort Worth, both in appellee's automobile and in trucks. On the day of the accident, appellant and appellee had loaded some cattle in the morning and had returned to San Saba about 10 o'clock; and about the middle of the afternoon they loaded more cattle. During the day appellant had not eaten anything, but had been drinking intoxicating liquors, particularly in the afternoon preceding the departure for Fort Worth. Appellee invited appellant to go with him to Fort Worth, where each of the parties had friends, and where they had gone together on numerous other occasions. Appellant was not to pay anything for the transportation from San Saba to Fort Worth. It is undisputed that at or near the time they started to Fort Worth appellant was able to walk; that he got in the automobile on his own "power," and that he carried on conversations with others, and discussed business matters, which would not indicate that his mind had become a complete blank. He claimed to have fallen asleep shortly after he got in the car, and was not awakened until just a moment prior to the collision, although

the parties had traveled some 122 miles at the time. While this evidence was conflicting as to whether appellant was so drunk that he did not know what he was doing when he entered the automobile and started the trip, the trial court concluded that if he were he was nevertheless a guest within the contemplation of the statute regarding liability of the owner of a motor vehicle for injury to a guest. We sustain this conclusion of the trial court.

The contention of appellant is predicated in the main upon the argument that only persons sui juris and therefore capable of making a contract can become a guest under the terms of our statute, and that in consequence minors, lunatics, and intoxicated persons cannot become guests, because they are incapable of making a binding contract. No case is found nor cited which deals with intoxicated guests, but several cases from other states which have similar guest statutes to ours hold that the relationship of host and guest is not created by contract; and a great weight of authority holds that a minor riding in an automobile without paying compensation therefor is a guest within the meaning of the several statutes construed, which are entirely similar to our statute.

In the case of Balian, by Next Friend, v. Jas. G. Ogassin, 277 Mass. 525, 179 N. E. 232, 78 A.L.R. 1021, the Supreme Court of Massachusetts held that a motorist's gratuitous undertaking to transport another imposes no liability for ordinary negligence, even where such other person is a child of tender years; and that the age of the child riding as a guest in the automobile does not affect the degree of care of the operator, though it may affect the nature thereof. See 179 N.E. 232, 78 A.L.R. 1021; 82 A.L.R. 1365; Chaplowe v. Powsner, 119 Conn. 188, 175 A. 470, 95 A.L.R. 1177; Herzog v. Mittleman, 155 Or. 624, 65 P.2d 384, 109 A.L.R. 662; and cases cited.

It is quite generally held that a minor plaintiff's tender years do not take the case out of the statute, because the age does not affect the degree of care required of the defendant, though it may affect the nature thereof. We need not consider what degree of care appellee owed appellant in the instant case; nor does any question arise as to whether he was an unwilling guest or nonassentive passenger, because there is no question raised that appellee did not care for appellant in every

respect, except as to the acts of negligence in driving his automobile. The assumption of appellant that the relationship of host and guest must arise out of a valid contract cannot be indulged in. Our guest statute clearly provides that the creation of the relationship is based upon the fact that no consideration is paid for the transportation; that is, the relationship of host and guest arises where a guest is not "paying any consideration for his transportation." It is fundamental that every contract must be supported by consideration; and since no consideration whatever passes under the guest statute, it necessarily follows that the legislature intended that the relationship of host and guest may be created without contract.

■ As used in the statute the term "guest" has its general and common understanding, and means that one is a guest who is the recipient of the voluntary hospitality of the owner or operator of the automobile.

In Chanson v. Morgan's Louisiana & T. R. & S. S. Co., 18 La.App. 602, 136 So. 647, 649, it is stated that "an automobile guest is a person received and entertained in the automobile of another."

■ It is clear under the evidence that appellant in the instant case was a guest in the automobile of appellee under the common use and meaning of the term "guest." He was there by invitation; he was welcome; he was not paying anything to appellee for the hospitality shown him; he was under no form of duress; and the primary reason for appellee's offering the transportation was reciprocal hospitality and pleasure. Our statute is an exact copy of the Connecticut statute. The courts of the state of Connecticut have uniformly held that the relationship of host and guest is not created by contract, and is created in a case of one's riding as a mere recipient of hospitality, and is reciprocal as between neighbors and intimate friends. Fly v. Swink, 17 Tenn.App. 627, 69 S.W.2d 902; Aycock v. Green, Tex.Civ. App., 94 S.W.2d 894; Napier v. Mooneyhan, Tex.Civ.App., 94 S.W.2d 564; Chaplowe v. Powsner, 119 Conn. 188, 175 A. 470, 471, 95 A.L.R. 1177; Audia v. DeAngelis, 121 Conn. 336, 185 A. 78; Flynn v. Lewis, 231 Mass. 550, 121 N.E. 493, 2 A.L.R. 896.

■ Manifestly our statute makes no distinction between a drunk and sober person, or between minors and adults, or sane and insane persons; and since the term "guest" is used in its general sense, we are of the view that it should apply to a person under the influence of intoxicating liquor, no question of duress arising. The fact that one is intoxicated may produce circumstances which may affect the nature of the care required, but it does not affect the degree of responsibility fixed by the statute. The standard remains the same in every case; that is, that the host is not liable for injury to the guest, except where caused by his heedless or his reckless disregard of the rights of others; or, as our courts have construed those terms, where he is guilty of gross negligence as that term has been defined by our courts. Texas Pacific Coal & Oil Co. v. Robertson, 125 Tex. 4, 79 S.W.2d 830, 98 A.L.R. 262. And before one may recover under the guest statute he must show that the host's "heedlessness or reckless disregard of the rights of others" was such as to show the entire want of care, sufficient to raise the belief or presumption that the act of negligence complained of was the result of conscious indifference to rights, welfare, safety of the person affected, or such a persistent course of action as will constitute gross negligence. Napier v. Mooneyhan, Tex.Civ.App., 94 S.W.2d 564; Campbell v. Paschall, 132 Com.App. 226, 121 S.W.2d 593; Patterson v. Tomlinson, Tex.Civ. App., 118 S.W.2d 645, writ refused; Vernon's Ann.Civ.St. art. 6701b, and cases cited.

At the conclusion of the evidence, the trial court sustained the motion of appellee that the evidence did not raise the question of gross negligence or of reckless and heedless disregard of the rights of appellant within the meaning of the statute, and instructed a verdict for appellee. Appellant contends that at least a jury question was raised as to whether appellee was heedless or reckless in the operation of his car, or was grossly negligent in the manner of its operation at the time of the accident. We do not sustain this contention. The three specific acts of the heedless or reckless disregard of appellant's rights and gross negligence were (1) that appellee operated the automobile at a high, reckless, and careless rate of speed at the time of the collision; (2) that he failed to keep a proper lookout to have seen the trailer in time to have avoided the collision by stopping the automobile; and (3) that he failed

**238**

to turn to the left so as not to collide with the rear end of the trailer. These questions are all so closely related that we will discuss them as one.

 Appellee testified that it was raining; that his windshield wiper was being operated; that, of course, his vision was somewhat impaired; that he was operating his car at from 40 to 45 miles per hour; that he did not see the trailer until within about 40 or 50 feet of it; and that because of the slickness of the road he did not apply his brakes and did not swerve his car either to the right or left for fear of skidding and turning over. The impact of the collision knocked his front fenders off and turned the radiator back over the motor and knocked the hood off, and slightly bent the frame of the car, damaging it to the extent that it would take from $200 to $225 to repair it. The accident occurred about 8:30 or 9 o'clock; it was dark and visibility was not as far as it would have been had it not been raining. The truck and trailer were being operated without a tail light, or with very dim lights, and was being driven very slowly because the lights had "shorted" out. The trailer was being drawn at from 5 to 10 miles per hour, on the right-hand side of the road. Appellee stated that he did not see it in time to stop his car, and did not attempt to swerve his car either way in order to pass it, because of fear of skidding and turning over. There was no evidence by any other witness as to the speed in which appellee was operating his car, and the only other circumstance was the fact that the impact tore the two front fenders and hood off the car and bent the radiator back over the motor. A witness testified that in his judgment, if the automobile had been going faster than 45 miles an hour, the collision would have done much more damage to it. This is all the evidence on the issue of speed. It is also all the evidence on the issue of whether appellant kept a proper lookout and whether he was negligent in failing to swerve his car either to the right or left in order to avoid the collision. This evidence does not show heedless and reckless disregard of the rights of appellant by appellee; nor does it show gross negligence. From this evidence the ordinary reasonable mind could not conclude that appellee was guilty of anything more than ordinary negligence in either driving his car at the rate of speed he was at the time of the accident, or in failing to keep a proper lookout for the car in the road ahead of him, or to swerve his car to the left in order to avoid colliding with the rear end of the trailer.

 The cases have construed our guest statute with regard to the liability of the host for operating his automobile at high and excessive rate of speed, and have held that the mere fact that an automobile was operated at a high and excessive rate of speed only raised the issue of ordinary negligence. Crosby v. Strain, Tex.Civ. App., 99 S.W.2d 659. They have also held that thoughtlessness, inadvertence, or error in judgment did not constitute heedless nor reckless disregard of the rights of others within the meaning of the statute; and there must be something of a continued or persistent course of action in order to constitute heedless and reckless disregard of the rights of others or gross negligence. Pfeiffer v. Green, Tex.Civ.App., 102 S.W. 2d 1077; Aycock v. Green, Tex.Civ.App., 94 S.W.2d 894; Glassman v. Feldman, Tex.Civ.App., 106 S.W.2d 721; Hamilton v. Perry, Tex.Civ.App., 109 S.W.2d 1142; Vernon's Ann.Civ.St. art. 6701b, and cases there cited.

The judgment of the trial court will be affirmed.

Affirmed.