**J. E. BRUTON et al., Appellants,**

v.

**Roy SHINAULT et al., Appellees.**

No. 3566.

Court of Civil Appeals of Texas.

Waco.

May 22, 1958.

Naman, Howell & Smith, T. George Chase, Waco, for appellants.

Watson Arnold, Waco, for appellees.

TIREY, Justice.

Appellants have perfected their appeal from an order overruling their plea of privilege to be sued in Collin County, Texas, the county of their residence. The cause was tried without the aid of a jury and there was no request for findings of fact and conclusions of law and none filed.

The judgment is assailed on two points. Since appellees admitted in oral argument before us that appellants were residents of Collin County, appellants' Point 1 passed out of the case.

Point 2 is to the effect that all of the evidence tendered shows conclusively that Sharon Shinault, the injured party, was a guest in appellants' car at the time she received her injuries, and that such evidence fails to show that such injuries were proximately caused by an intentional act, or by heedless and reckless conduct on the part of Rebecca Bruton, the driver of the car, and that by reason thereof appellees' claim comes within the provisions of the guest statute, and that no cause of action is shown.

Miss Sharon Shinault testified to the effect that she and Rebecca Bruton, both teen-agers, were good friends and had been for some time and were students in Waco High School at the time of the accident; that on the night of April 12, 1956, Rebecca borrowed her father's car for the stated purpose of going to Sharon Shinault's home to do some home work; that when she arrived at Sharon's house she and Sharon told Sharon's parents that they were going to Beverly Hills; that that statement was made for the purpose of getting out of the house to take a little ride; that they first went to a drive-in and had a soft drink and while at the drive-in they decided to go out to Lake Waco to the cabin of a young man about 26 years old; that Sharon did not pay Rebecca anything for the transportation and these young girls were not on any kind of a business venture; that the trip was purely for their pleasure. As they drove out to Lake Waco, Rebecca drove

carefully all of the way and the trip to the cabin was without incident. They remained at the cabin some thirty minutes and then they became worried or concerned about their parents because they had stayed out so late and it appears that each of them was in a hurry to get back home, and on the return trip Rebecca drove some 70 or 80 miles an hour. The road was a narrow graveled road and had some very slight curves. On the way back Sharon told Rebecca to slow down and Rebecca did slow down some, but in attempting to go around a curve the car turned over and Sharon was thrown out and her hand was injured. Pertinent to this discussion Sharon testified in part as follows:

"Q. You and Beckey drove out to this place for the pleasure of both of you did you not? A. Well, she drove carefully and she drove all right.

"Q. You all just went out there for the fun of it. Is that right? A. Yes, sir, we didn't have any particular purpose for going out there.

"Q. Now, after you got to this road where you turned off of Highway 6, you turned onto the DeHay road. Is that a paved road? A. A part of the way.

"Q. How far? A. Oh, three or four miles; no, I think it is paved all the way around the Lake until you turn off on a gravel road.

"Q. I believe you say that Beckey drove normally along that road until you got to the place where the gravel was? A. Yes.

"Q. Then you turned off on a gravel road. A. Yes, sir.

"Q. Now, you went on to the cabin and Beckey drove normally all the way to the cabin, is that what you said? A. Yes, we had no reason to hurry.

"Q. Now, when you got to the cabin how long did you stay there? A. About half an hour.

"Q. Now, did you introduce Beckey to Gene at that time? A. She already knew him.

"Q. She already knew him? A. Yes, sir.

"Q. You stayed at the cabin how long? A. About a half an hour.

"Q. Then you started back. A. Yes, sir.

"Q. Now, how far were you from the cabin when the accident took place? A. About five miles.

"Q. And that was a gravel road. Were you coming back the same way you went? A. Yes, sir.

"Q. And you proceeded along this gravel road in a normal fashion? A. Coming back?

"Q. Yes. A. We were in an awful hurry to get back home, we were worried about our parents because we had been out so late and we were hurrying an awful lot, and we were going about seventy or eighty.

"Q. How wide is this road? A. Wide enough for one car only.

"Q. And this car just flipped over. A. On a curve, yes, sir.

"Q. When you all were going down this road as you say, about eighty miles an hour, did you complain to Beckey about that? A. I asked her to slow down. * * *

"Q. Did you get into any curves coming back, real winding curves, between the place where the cabin was and the place where the accident took place? A. We had to make a right turn, she missed the road and we had to stop and back up.

"Q. Then she didn't go seventy miles an hour all the way because she actually stopped one time and backed up. Isn't that correct? A. Yes, but that was about a mile from the cabin.

"Q. Now, we are down to four miles. What else did you do, did you make any curves between that and the accident? A. Very slight curves.

"Q. Very slight curves, it was almost a straight road all the way, is that correct? A. More or less, yes, sir.

"Q. More or less. Now, is it straight or is it crooked? A. Well, its more crooked than its straight.

"Q. It is more crooked than straight? A. Yes, sir."

■ We think the major question that first presents itself to us for decision is: Was Sharon a guest in the car under the provisions of Art. 6701b, Sec. 1? We think the answer is "yes," and that it is inescapable.

Much has been written on the foregoing statute and we think that perhaps the leading cases in Texas construing this statute are Rowan v. Allen, 134 Tex. 215, 134 S.W. 2d 1022 (Com.App., opinion adopted, opinion by Chief Justice Hickman); Henry v. Henson, Tex.Civ.App.Texarkana, 174 S.W. 2d 270 (writ ref.) and Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194. See also Whittenberg v. United States, D.C.S.D. Texas, 148 F.Supp. 353; Linn v. Nored, Tex.Civ.App., 133 S.W.2d 234 (WOJ); Glassman v. Feldman, Tex.Civ.App., 106 S.W.2d 721 (writ dis.); Raub v. Rowe, Tex.Civ.App., 119 S.W.2d 190 (writ ref.).

The foregoing cases and the authorities there cited clearly express the views of our Supreme Court and the application to be made of this statute. Each of the foregoing opinions has clarity and we think the pronouncements there made are applicable to the factual situation here before us.

We have summarized and set out the testimony tendered in as much detail as we think necessary, and by virtue of the statements made by Sharon we think it is obvious under the foregoing decisions that she was a guest and therefore her and her father's right to fix liability against appellees must be governed by the express terms of the foregoing statute.

It is true that appellees seek to hold venue under the express provisions of Exception 9a of Art. 1995, Vernon's Ann.Civ.St., but in so doing appellees have the burden of showing a prima facie case of actionable negligence against appellants, and since we are of the view that appellees' testimony shows without doubt that she was a guest within the meaning of Art. 6701b aforesaid, appellees have the further burden of showing the negligence of the driver of the car constituted gross negligence.

In International & Great Northern Ry. Co. v. Cocke, 64 Tex. 151, our Supreme Court made this statement: "Negligence cannot be considered gross unless evidenced by an entire failure to exercise care, or by the exercise of so slight a degree of care as to justify the belief that the person upon whom care was incumbent was indifferent to the interests and welfare of others." Our Supreme Court has not seen fit to modify the foregoing rule.

In Raub v. Rowe, Tex.Civ.App., 119 S.W. 2d 190, 193, (writ ref.) we find this statement: "In determining whether the defendant was guilty of gross negligence the general allegations contained in the petition that defendant was grossly negligent must be disregarded as mere conclusions of the pleader." Citing a long list of cases.

In Wood v. Orts, 182 S.W.2d 139, 140, (no writ history) our San Antonio Court said: "Driving at an excessive rate of speed, failure to keep a proper lookout, driving on the left-hand side of the road, failure to apply the brakes and failure to slacken the speed, are all acts of ordinary negligence, and do not in themselves constitute reckless and heedless disregard of the rights of others." Citing a long list of cases, among them Linn v. Nored, supra; Rowan v. Allen, supra. See also Webb v. Karsten, Tex.Civ.App.Houston, 308 S.W.2d 114 (no writ history).

Going back to the undisputed factual situation here, we have these two teenage girls who were friends out on a pleasure trip and suddenly realizing that their parents would be uneasy about them, started home and immediately got in a hurry to get home; that in so doing the driver of the car drove it too fast, and from the record it appears that the speed was from 70 to 80 miles per hour at the time the car turned over. So here we have excessive speed as the sole cause of the accident and excessive speed constitutes the sole negligent act of the driver of the car. As we understand the decisions of our Supreme Court and the many decisions of the appellate courts here cited and referred to, we are of the view that the excessive speed under all of the undisputed record and surrounding facts and circumstances does not constitute negligence under our guest statute, and by reason thereof the appellees have failed to make a prima facie case against appellants. Although this is a plea of privilege case, appellees had the duty of proving a prima facie case of gross negligence against the appellants, and having failed so to do, the trial court should have sustained appellants' plea of privilege.

In Linn v. Nored, supra, we find this statement [Tex.Civ.App., 133 S.W.2d 238]: "The cases have construed our guest statute with regard to the liability of the host for operating his automobile at high and excessive rate of speed, and have held that the mere fact that an automobile was operated at a high and excessive rate of speed only raised the issue of ordinary negligence. Crosby v. Strain, Tex.Civ.App., 99 S.W.2d 659. They have also held that thoughtlessness, inadvertence, or error in judgment did not constitute heedless nor reckless disregard of the rights of others within the meaning of the statute; and there must be something of a continued or persistent course of action in order to constitute heedless and reckless disregard of the rights of others or gross negligence. Pfeiffer v. Green, Tex.Civ.App., 102 S.W.2d 1077; Aycock v. Green, Tex.Civ.App., 94 S.W.2d

894; Glassman v. Feldman, Tex.Civ.App., 106 S.W.2d 721; Hamilton v. Perry, Tex. Civ.App., 109 S.W.2d 1142 * * *." As we understand the decision of our Supreme Court in Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571, 575, it approved that statement. See also Rogers v. Blake, 150 Tex. 373, 240 S.W.2d 1001.

Accordingly, the judgment overruling appellants' plea of privilege is reversed and rendered and this cause is ordered transferred to the District Court of Collin County, and the Clerk of the District Court is directed to make up a transcript of all orders in this cause and certify thereto and tax the costs incurred to date against appellees, pursuant to the provisions of Rule 89, Texas Rules of Civil Procedure, and transmit the record to the District Clerk of Collin County, Texas.

· HALE, J., took no part in the consideration and disposition of this case.