**Shirley RAY, Appellant,**

v.

**Louis K. ZACKEY, Jr., Appellee.**

No. 3669.

Court of Civil Appeals of Texas.

Waco.

Oct. 29, 1959.

Rehearing Denied Nov. 25, 1959.

Clifford S. Dillard, Dallas, for appellant.

Leachman, Gardere, Akin & Porter, Dallas, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment that the plaintiff take nothing. Plaintiff Shirley Ray brought suit against defendant Louis Zackey for personal injuries sustained by her when the vehicle of defendant, and in which she was riding as a passenger, collided with a bridge abutment. Plaintiff in her petition alleged that defendant was operating the vehicle while in an intoxicated condition and that same constituted gross negligence. Plaintiff further alleged that she was in the automobile pursuant to some sort of business relationship and that she was not a guest as defined in Art. 6701b, Vernon's Ann.Tex.St.

Defendant filed motion for summary judgment, asserting that there was no genuine dispute of fact and that the pleadings of the parties and depositions of plaintiff, defendant, and the witness Bell conclusively show that plaintiff is entitled to no relief.

The Trial Court granted summary judgment for defendant and plaintiff appeals, contending: 1) There was a fact issue as to whether defendant was driving the car while intoxicated and if so whether such act constituted gross negligence. 2) There was a fact issue as to whether operating the vehicle off the main portion of the highway was gross negligence. 3) There was a fact issue as to whether plaintiff was a guest or whether she bore some other relationship to the driver.

The record reflects that defendant was a soldier at Ft. Hood and was coming to see his girl friend in Dallas; that his girl friend asked plaintiff to go as a blind date with a buddy of defendant's who was accompanying him to Dallas; that these four with another couple went to a night spot to spend New Year's Eve in defendant's car; that all members of the party had some drinks of intoxicants; that on the way home at 12:30 A.M., while defendant was driving, the car collided with a bridge abutment, causing personal injuries to plaintiff. All of the testimony in the record (by deposition and affidavit) is that plaintiff was a social nonpaying guest in the automobile operated by the defendant. Plaintiff has not by affidavit controverted such fact. The negligence attributed to defendant was driving while intoxicated and driving off the traveled portion of the road. No facts were plead, nor evidence (by deposition, affidavit, or otherwise) was adduced which would render the foregoing other than ordinary negligence. See Galveston-Houston Breweries v. Naylor, Tex. Civ.App., 249 S.W.2d 262, W/E Ref. NRE. Article 6701b, V.A.T.S., provides that no person transported over the public highways of this state by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action against such owner or operator for injuries, death, or loss in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others.

Since neither pleading nor proof brings the alleged acts of negligence under a "heedless or reckless disregard of the rights of others" category, the asserted acts of negligence, as noted, are ordinary negligence. A guest cannot assert a cause of action for ordinary negligence. The summary judgment of the Trial Court was, we think, properly granted, and is affirmed.