**Loyd C. MAPLES, Appellant,**

v.

**Ethel M. PENN, Appellee.**

**No. 4338.**

Court of Civil Appeals of Texas.

Waco.

March 18, 1965.

Rehearing Denied April 1, 1965.

Smith & Lehmann, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Wayne Fisher and David C. Musslewhite, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment that plaintiff take nothing. Plaintiff Maples brought this suit for damages for personal injuries sustained in a collision while riding as an occupant in the automobile owned and driven by defendant Penn. Plaintiff alleged that defendant was guilty of ordinary negligence proximately causing his injuries and damages. Defendant answered that plaintiff was a "guest" within the meaning of Article 6701b Vernon's Ann.Tex.Civ.St., and therefore barred from recovery against defendant on the basis of ordinary negligence.

Defendant filed motion for summary judgment asserting that, under the undisputed evidence plaintiff was, as a matter of law, a "guest" within the meaning of Article 6701b. Plaintiff refused and declined to amend his petition to allege gross negligence; and the trial court granted defendant's motion, and entered judgment that plaintiff take nothing.

Plaintiff appeals, contending that under the evidence, plaintiff was as a matter of law a passenger and not a guest within the meaning of Article 6701b V.A.T.S.; or in the alternative that a jury issue was made as to whether plaintiff was a passenger or a guest; for which reasons the Trial Court erred in granting summary judgment for defendant.

Article 6701b V.A.T.S. provides in substance that a guest cannot assert a cause of action against the owner or operator of a vehicle for ordinary negligence.

The record reflects defendant was a member of the Building Committee of the Episcopal Church, and plaintiff was a member of the Finance Committee. Defendant knew of a building for sale which might be suitable for purchase by the Church. She called plaintiff and asked him to go with her to see the building because of his membership on the Finance Committee. The collision occurred while plaintiff and defendant were on their way in defendant's car to see the building. There was no discussion prior to leaving on the trip whose car would be taken; no agreement concerning sharing of expenses or of plaintiff's paying any part of same, and he did not pay any part of same; and plaintiff had no intention to or right to exercise any control over defendant's car. The only purpose of the trip was to look at the building to see if it was suitable for purpose of their Church, and both plaintiff and defendant made the trip solely because of their mutual interest in helping their Church.

Under such situation plaintiff was the guest of defendant within the meaning of Article 6701b V.A.T.S., and cannot assert a cause of action for ordinary negligence. Henry v. Henson, Tex.Civ.App., Er.Ref., 174 S.W.2d 270; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, Bruton v. Shinault, Tex.Civ.App., n. w. h., 314 S.W.2d 143; Choisser v. Ramey, Tex.Civ.App. (n. w. h.) 314 S.W.2d 664; Hough v. McMillan, Tex. Civ.App., n. r. e., 351 S.W.2d 609.

The Trial Court properly entered Summary Judgment that plaintiff take nothing. Ray v. Zackey, Tex.Civ.App. (n. w. h.), 329 S.W.2d 350.

Plaintiff's contentions are overruled.

Affirmed.